James Allen RED DOG, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: May 25, 1993.
Decided: May 28, 1993.
Rehearing Denied June 21, 1993.

Bartholomew J. Dalton (argued), Brandt & Dalton, P.A., Wilmington, for Lawrence M. Sullivan, Public Defender of the State.

Dennis L. Schrader (argued), Wilson, Halbrook & Bayard, Georgetown, for Brian J. Bartley, Asst. Public Defender.

Jeffrey M. Weiner (argued), Wilmington, for Bernard J. O'Donnell, Asst. Public Defender.

Jeffrey S. Goddess (argued), Rosenthal, Monhait, Gross & Goddess, Wilmington, for Edward C. Pankowski, Jr., Asst. Public Defender.

Edmund D. Lyons (argued), Aerenson, Ferrara and Lyons, Wilmington, for Nancy J. Perillo, Asst. Public Defender.

Richard E. Poole (argued), Joanne Ceballos and Gayle P. Lafferty, Wilmington, court-appointed amicus curiae.

Victor F. Battaglia and Robert D. Goldberg, Wilmington, amicus curiae for Delaware State Bar Ass'n.

James A. Erisman and Kevin J. O'Connell, Wilmington, amicus curiae for Delaware Trial Lawyers Ass'n.

Lawrence A. Hamermesh, Richard H. Morse and Norman L. Pernick, Wilmington, amicus curiae for American Civil Liberties Union of Delaware, Inc.

Before VEASEY, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en banc.

PER CURIAM:

In *Red Dog v. State*, Del.Supr., 620 A.2d 848 (1993), this Court affirmed a decision of the Superior Court which denied a stay of execution in a capital case. Therein, we held "that in the absence of a genuine issue of material fact as to Red Dog's present mental competency, the public defenders had no standing to file ... a motion to stay his execution in derogation of his express directions to the contrary." *Id.* at 853. On independent and alternative grounds, we affirmed Red Dog's competency as well as the lack of standing of the Public Defender.

In the course of the proceedings in this Court, it was observed that the defendant's counsel, all attorneys in the Office of the Public Defender, appeared to have taken inconsistent positions concerning the raising of the issue of the defendant's competency to forego further appeals. We noted that the propriety of such conduct "will be addressed by the Court at a later time." *Id.* at 855. Thereafter, Rules to Show Cause were directed to Lawrence M. Sullivan, the Public Defender of the State of Delaware, and Brian J. Bartley, Bernard J. O'Donnell, Edward C. Pankowski, and Nancy J. Perillo, all Assistant Public Defenders (collectively "Respondents"), directing responses as to why sanctions should not be imposed upon them for certain aspects of their representation of the defendant.

The Respondents filed written responses defending their actions as within the bounds of professional responsibility and required by the exigencies of representation of a defendant facing execution. The Court appointed *amicus curiae* to file a brief and present argument on the ethical implications of Respondents' conduct.[1] Additional briefs have been filed, generally in support of Respondents' actions, by the Delaware State Bar Association, the Delaware Trial Lawyers Association, and the Delaware Chapter of the American Civil Liberties Union. The Respondents have filed answering briefs directed to the views of the court-appointed amicus, following which the Court conducted oral argument.

---

1. The Court acknowledges the assistance provided by the court-appointed amicus, Richard E. Poole, Esquire, who was assisted by Joanne Ceballos, Esquire and Gayle P. Lafferty, Esquire. Their objective and thoughtful analysis of the issues presented greatly assisted the Court. Their *pro bono* effort was in the best tradition of the Delaware Bar.

■ Respondents' efforts in pursuing an eleventh hour attempt to raise the question of the defendant's competency to forego further appeals or postconviction relief, despite the defendant's clearly expressed, longstanding and consistent desires to that effect, implicate conflicting ethical considerations. A defendant's wish to forego further appeals and accept the death penalty, like other decisions relating to the objectives of litigation, is essentially that of the client, whose decision the attorney must respect. Delaware Lawyers' Rules of Professional Conduct ("DLRPC") Rule 1.2(a).[2] ABA Standards for Criminal Justice, Criminal Appeals, 21–2.2(b). The means to be employed to achieve such objectives are "a matter on which the attorney is to consult with the client [and over which] the lawyer retains the ultimate prerogative to act." *Modern Legal Ethics* § 4.3, p. 157; see also 1 Geoffrey C. Hazard & W. William Hodas, *The Law of Lawyering* (2d ed. 1990). The deliberate decision of a defendant to accept the death penalty to avoid other penal alternatives is not, in itself, an irrational act. *Lenhard v. Wolff,* 443 U.S. 1306, 1312–13, 100 S.Ct. 3, 7, 61 L.Ed.2d 885 (1979). An attorney who is unable in good conscience to represent a client intent upon achieving such an objective, or to whom the death penalty is "repugnant," may seek leave to withdraw from the representation if the client's interests would not be prejudiced thereby. DLRPC Rule 1.16(b)(3).

■ If an attorney has a reasonable and objective basis to doubt a client's competency to make a decision foregoing further appeals, the attorney must, in a timely fashion, so inform the trial court and request the court to make a judicial determination of the defendant's competency. See DLRPC Rule 1.14(b). Where the lawyer's actions appear contrary to the client's stated decision, the lawyer who so moves, presumably in good faith, must, at a minimum, demonstrate an objective and reasonable basis for believing that the client cannot act in his own interest.

■ After full consideration of the circumstances surrounding the actions of Respondents in this matter, we find no basis for concluding that any of them acted in bad faith or were motivated by other than the best interests of their client. There appears to be little question, however, that differences of opinion among the members of the defense team led to inconsistent positions and a changing strategy which did not meet the requirements of reasonableness under Rule 1.14(b). This, in turn, led to a disjointed and confusing presentation in the Superior Court and in this Court, under unnecessarily exigent circumstances, in a matter of great importance and public concern. Much of this could have been avoided by a timely application to the trial court and an early resolution of all questions involving the defendant's competency to make decisions at each level of the judicial process. *Cf. Judy v. State,* Ind.Supr., 275 Ind. 145, 416 N.E.2d 95 (1981).

■ The Court recognizes the professional and personal demands which counsel experience in the defense of a capital case. A defendant facing execution is entitled to a vigorous and energetic defense, but a conscientious defense as well. A lawyer who renders such service is not free to fashion his or her own code of ethics. For members of the Bar of this Court those standards have already been established and they afford sufficient flexibility to accommodate proper zealous advocacy.

■ The actions of Respondents, while reflecting inconsistency, lack of effective coordination and poor judgment, were undertaken in apparent good faith in a complex and demanding representation. No one disagrees with the principle that co-

2. **Rule 1.2. SCOPE OF REPRESENTATION.**
(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

counsel are not permitted to take inconsistent positions before the same court on behalf of the same client at the same time. *See Waters v. State*, Del.Supr., 440 A.2d 321, 323 (1981) and DLRPC Rules 5.1 and 5.2. We have been assured that the problems we addressed here will not recur. Under such circumstances, we find no basis for the imposition of sanctions for performance deficiency. Accordingly, the Rules to Show Cause are DISCHARGED.