Salvatore GIAMMALVO, Plaintiff
Below, Appellant,

and

Elliott Associates, L.P., Intervenor
Plaintiff Below, Appellant,

v.

SUNSHINE MINING COMPANY, G.
Chris Anderson, G. Michael Boswell,
Clement M. Brown, Raymond J. Demp-
sey, Fred C. Humphreys, Daniel D. Jack-
son and William H. Tilley, Defendants
Below, Appellees.

No. 121, 1994.

Supreme Court of Delaware.

Submitted: July 12, 1994.
Decided: July 14, 1994.

Norman M. Monhait of Rosenthal, Mon-
hait, Gross & Goddess, Wilmington, for ap-
pellant.

Elizabeth M. McGeever of Prickett, Jones,
Elliott, Kristol & Schnee, Wilmington, for
intervenor-appellant Elliott Associates, L.P.

Samuel A. Nolen of Richards, Layton &
Finger, Wilmington, for appellees.

Robert K. Payson, Michael B. Tumas and
Michael A. Pittinger of Potter, Anderson &

Corroon, Wilmington, for movant Grace Holdings, LP.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

The plaintiff-appellant, Salvatore J. Giammalvo ("Giammalvo"), brought this action against Sunshine Mining Company and certain of its directors (collectively "Sunshine Mining"). Giammalvo challenged, *inter alia,* Sunshine Mining's failure to redeem Cumulative Redeemable Preferred Stock (the "Preferred Stock"). The Court of Chancery held that Sunshine Mining had not breached its contractual obligations to the holders of the Preferred Stock.

The Court of Chancery also certified this matter as a class action, pursuant to Court of Chancery Rule 23(b)(2). Giammalvo was certified as the class representative. Giammalvo appealed from the Court of Chancery's substantive ruling. That appeal is the proceeding which is now before this Court.

Grace Holdings, LP ("Grace") has filed a motion for leave to file a brief in this appeal as a member of the plaintiff class. According to Grace, it has become concerned about whether Giammalvo is able to adequately represent the interests of the class in the proceedings before this Court, in particular, with respect to the mandatory redemption issue.[1] Grace also desires to assist this Court in resolving the other issues presented on appeal.

■ According to Grace, it does not seek to intervene on appeal, but nevertheless, it desires to file a brief "as a class member." Grace's motion presents the Court with separate and unique concerns to the extent that it implicates a circumvention of conventional procedure. First, motions to intervene on appeal are seldom granted, especially when the movant declined to join in the proceedings at trial.[2] *See* Ct.Ch.R. 24. *See also Maurer v. International Re-Insurance Corp.,* Del.Supr., 86 A.2d 360, 362 (1952). Second, permitting an individual class member to intervene at any stage of a class action is somewhat antithetical to the representative nature of such a proceeding. *See* Ct. Ch.R. 23 and 24. *See also Stenson v. Blum,* 476 F.Supp. 1331, 1336 (S.D.N.Y.1979).

### Amicus Curiae Status

### Discretion of Court

■ Since Grace has not filed a motion to intervene, this Court has concluded that Grace's present application must be considered in accordance with the standards which apply to a motion to participate as an *amicus curiae.* Leave to appear as an *amicus curiae* differs from intervention in its usual sense. First, an intervener becomes a party to the litigation and is bound by the judgment. An *amicus curiae* does not become a party to the proceedings. Second, an *amicus curiae* is heard only by leave of the court. Therefore, the privilege to be heard as an *amicus curiae,* as well as the manner and extent of participation, rests within the discretion of the court.[3]

### Amicus Curiae

### Historical Role

Translated literally from Latin, *amicus curiae* means "friend of the court." Courts have considered the desirability of hearing from an *amicus curiae* for hundreds of years. *See The Protector v. Geering,* 145 Eng.Rep. 394 (1686). Historically, participation as an *amicus curiae* has been granted upon a demonstration that such assistance

1. Grace asserts that it could not opt out of the class because this action has been certified as a class action pursuant to Court of Chancery Rule 23(b)(2). As the holder of 837,200 shares, or 11% of the outstanding Preferred Stock, Grace alleges that it is the largest known member of the class whose rights will be determined by this appeal.

2. Elliott Associates, L.P. ("Elliott") did file such a motion. The Court of Chancery granted Elliott's motion to intervene for the express purpose of participating in this appeal. *Compare United States v. LTV Corp.,* 746 F.2d 51 (D.C.Cir. 1984).

3. For example, Supreme Court Rule 28 provides that an *amicus curiae* will be permitted to participate in oral argument only in "extraordinary circumstances." Supr.Ct.R. 28.

is advisable to protect the court in the consideration of the case, i.e., "for the honor of a court of justice to avoid error." *Id.*

■ The history of Anglo–Saxon and American jurisprudence also reflects that the participation of an *amicus curiae*, was generally allowed for the purpose of ensuring a full and complete presentation on questions of either general or public interest which were at issue in the proceedings before the court. That historical role continues to be the primary function of an *amicus curiae*. It is now generally recognized that *amicus curiae* are called upon for the purpose of (1) assisting the court in a case of general public interest by providing adversarial presentations when neither side is represented, e.g., *In re Opinion of the Justices,* Del.Supr., 575 A.2d 1186 (1990); (2) assisting the court in a case of general public interest, by providing an adversarial presentation when only one point of view is represented, e.g., *Red Dog v. State,* Del.Supr., 625 A.2d 245 (1993); *Matter of Butler,* Del.Supr., 609 A.2d 1080 (1992); *Appeal of Infotechnology, Inc.,* Del.Supr., 582 A.2d 215 (1990); *Pollock v. Peterson,* Del.Ch., 271 A.2d 45, 50 (1970); (3) assisting the court by supplementing the efforts of counsel, even when both sides are represented, in a case of general public interest, e.g., *State v. Cohen,* Del.Supr., 604 A.2d 846 (1992); *Travelers Indem. Co. v. Lake,* Del.Supr., 594 A.2d 38 (1991); and (4) drawing the court's attention to broader legal or policy implications that might otherwise escape its consideration in the narrow context of a specific case, e.g., *Beattie v. Beattie,* Del.Supr., 630 A.2d 1096 (1993) and *Gannett Co., Inc. v. State,* Del. Supr., 571 A.2d 735 (1989).

### Amicus Curiae

### Contemporary Role

### Supreme Court Rule 28

Over time, however, the traditional role of the *amicus curiae* has evolved to permit more partisan advocacy. *See* Krislov, *The*

*Amicus Curiae Brief: From Friendship to Advocacy,* 72 Yale L.J. 694 (1963). In fact, a recent edition of *Black's Law Dictionary* also includes the following in its definition of *amicus curiae*:

> A person with strong interest in or views on the subject matter of an action may petition the court for permission to file a brief, ostensibly on behalf of a party but actually to suggest a rationale consistent with its own views. Such amicus curiae briefs are commonly filed in appeals concerning matters of a broad public interest. . . .

*Black's Law Dictionary* 75 (5th ed. 1979). *See Beattie v. Beattie,* Del.Supr., 630 A.2d 1096 (1993).

Supreme Court Rule 28 [4] is consistent with both the historical and contemporary roles of *amicus curiae*. The committee commentary to Supreme Court Rule 28 states that the rule is in substantial compliance with Section 3.33(b)(2) of the ABA *Standards Relating to Appellate Courts*. That section reads as follows:

> Public Question Cases. In cases involving questions of general public importance, the court may appropriately permit submission of briefs amicus curiae on behalf of those whose circumstances may be affected by the court's decision.

*Standards Relating to Appellate Courts* § 3.33(b)(2) (1977). We will examine Grace's application to file a brief from the perspectives of Grace, the parties, and the Court.

### Grace's Perspective

### Self–Interest Not Determinative

■ There is no dispute between the parties about the fact that Grace's rights may be determined by the Court's decision in this case. Thus, Grace's "circumstances may be affected" by this Court's decision. *Id.* The potential effect of these proceedings upon Grace, however, is not necessarily dispositive

---

4. "A brief of an *amicus curiae* may be filed only by leave of Court granted on motion or stipulation or at the request of the Court. The motion for leave shall identify the interest of the applicant and shall state the reasons why a brief of an *amicus curiae* is desirable. An *amicus curiae* shall file a brief within the time allowed by the Court. A motion of an *amicus curiae* to participate in oral argument will be granted only for extraordinary reasons." Supr.Ct.R. 28.

of its motion to participate as an *amicus curiae.*

The opportunity to participate as an *amicus curiae,* even as it has evolved, is generally afforded to a person who "has no right to appear in a suit, but is allowed to introduce argument, authority or evidence to protect his interests." *Ladue v. Goodhead,* N.Y.Civ. Ct., 181 Misc. 807, 44 N.Y.S.2d 783, 787 (1943). Grace had the opportunity to intervene as a party in the Court of Chancery. It did not do so. Therefore, it will be granted the privilege of participating as an *amicus curiae* on appeal only under exceptional circumstances.

The Court concludes that such exceptional circumstances do not exist in this case. First, unlike Elliott, Grace had notice and still did not move to intervene in this proceeding at trial. Second, Grace's interests in this litigation are similar to those of the entire class, which interests are being represented directly on appeal by Giammalvo and indirectly by Elliott.[5]

### Parties' Perspective

### Grace's Assistance Unwelcome

Supreme Court Rule 28 provides for an *amicus* brief to be filed "upon stipulation." In effect, such stipulations constitute the parties' consent to the motion for participation by an *amicus curiae.* Although it is not binding upon this Court, the consent of the parties is an important consideration. *Stroud v. Milliken Enters., Inc.,* Del.Supr., 552 A.2d 476 (1989); *Riggs v. Riggs,* Del. Supr., 539 A.2d 163 (1988). Conversely, the objection of one or more of the actual adversarial parties in interest must also be balanced against the probative value of providing the Court with additional assistance. In this case, the parties have not consented to Grace's application by stipulation. Sunshine Mining objects, Giammalvo states that Grace's assistance is unnecessary, and Elliott takes no position.[6]

### Judicial Perspective

### Grace's Assistance Unnecessary

The traditional basis for affording a person an opportunity to participate as an *amicus curiae* has been a judicial recognition of the need for additional assistance in cases involving questions of general public importance. Usually, courts sought the objective views of "a friend of the court." More recently, courts have permitted assistance by one or more partisan *amicus curiae* advocates who possess either a unique perspective or expertise regarding an important public issue before the court.

Grace's interest in these proceedings, as set forth in its motion, is not objective, unique, or related to a question of general public importance. Rather, Grace's interest is specific to its status as a class member. To the extent that this case involves any issues of general public importance, Grace has not indicated why those issues will not be adequately addressed by the attorneys for the parties. Consequently, the record does not reflect that this is a case in which the Court would benefit by additional assistance from Grace.

### Conclusion

It has been noted that a court should be reluctant to exercise its discretion to accept an *amicus curiae* when it appears that the parties are well represented, the joint consent of the parties to the submission by the *amicus curiae* is lacking, and the movant's ability to provide the court with some unique supplemental assistance, whether objective or partisan, is not readily apparent. *Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970). The record reflects that this is such a case. Accordingly, Grace's motion is DENIED.

---

**5.** In fact, in support of its motion, Grace asserts: "Because the rights to be determined by this appeal arise out of ownership of the Preferred Stock, Grace is in the same position as any other class member and should be afforded the opportunity to present an argument that it deems dis-

positive and that will be helpful to the Court in deciding the mandatory redemption issue."

**6.** Sunshine Mining has also moved for costs and attorneys fees. That motion is denied.