Mark TURNBULL, as guardian ad litem
for Steven TURNBULL, a minor,
Plaintiff Below, Appellant,

v.

Kenneth FINK, administrator of the estate
of Patricia Turnbull, Kenneth Deshields,
and Delaware Authority for Regional
Transit, Defendants Below, Appellees,

Lorraine J. SHENTON, Plaintiff
Below, Appellant,

and

State Farm Mutual Automobile
Insurance Company, Defendant
Below, Appellant,

v.

DELAWARE ADMINISTRATION FOR
REGIONAL TRANSIT, a/k/a Dart, and
Franklin Cooper, Jr., Defendants Below,
Appellees.

Rosemarie MYERS and Jean Sachs,
Plaintiffs Below, Appellants,

v.

DELAWARE ADMINISTRATION FOR
REGIONAL TRANSIT, a/k/a Dart, and
Franklin Cooper, Jr., Defendants Below,
Appellees.

The TRAVELERS INSURANCE CO., Ver-
nalee P. Frey, and Virgil Frey, d/b/a
Claymont Hardware and Supply, Plain-
tiffs Below, Appellants,

v.

DELAWARE ADMINISTRATION FOR
REGIONAL TRANSIT, a Delaware cor-
poration, and Franklin Cooper, Jr., De-
fendants Below, Appellees.

Virgil FREY, Vernalee Frey, his wife,
Mark O. Frey, and V.V.M. Inc., t/a Clay-
mont Hardware and Supply, Plaintiffs
Below, Appellants,

v.

DELAWARE ADMINISTRATION FOR
REGIONAL TRANSIT, a/k/a Dart, and
Franklin Cooper, Jr., Defendants Below,
Appellees.

No. 79, 1994.

Supreme Court of Delaware.

Submitted: July 8, 1994.

Decided: Aug. 9, 1994.

Eric M. Doroshow and Martin J. Siegel of Doroshow & Pasquale, Wilmington, for appellant Mark Turnbull, as guardian ad litem for Steven Turnbull.

Benjamin C. Wetzel, III and Steven T. Davis of Bailey & Wetzel, Wilmington, for appellant Travelers Ins. Co.

William X. Moore, Jr. of Roeberg & Associates, Wilmington, for appellants Rosemarie Myers and Jean Sachs.

Carolyn H. deBernard of Law Offices of Robert Young, Dover, for appellant State Farm Mut. Auto. Ins. Co.

Jeffrey S. Marlin of Biggs & Battaglia, Wilmington, for appellants Mark O. Frey and V.V.M. Inc., t/a Claymont Hardware and Supply, and Vernalee Frey and Virgil Frey, d/b/a Claymont Hardware and Supply.

Raymond E. Tomasetti, Jr., Newport, for appellant Lorraine J. Shenton.

Marc P. Niedzielski and Mary E. Sherlock of White & Williams, Wilmington, for appellees Kenneth Deshields, Franklin Cooper, Jr. and Delaware Admin. for Regional Transit, a/k/a DART.

Benjamin C. Wetzel, III of Bailey & Wetzel, Wilmington, for appellee Kenneth Fink.

Robert Jacobs of Jacobs & Crumplar, P.A., Wilmington, for Delaware Trial Lawyers Ass'n.

Wayne A. Marvel of McCarter & English, Wilmington, for Defense Counsel of Delaware.

James J. Hanley, Dept. of Justice, Wilmington, for State of Delaware, Dept. of Transp.

Before WALSH, HOLLAND and BERGER, JJ.

HOLLAND, Justice:

The Court has before it a motion by the Delaware Trial Lawyers Association ("DTLA") to file an *amicus curiae* brief regarding the constitutionality of the limitations imposed by 2 *Del.C.* § 1329. The ap-

pellants have filed a joint opening brief. Prior to the filing of the appellants' opening brief, this Court indicated that it was inclined to grant DTLA's motion.

■ The appellants' opening brief is problematic for the purpose of ruling on DTLA's motion. The appellants' opening brief states that they have declined to raise and argue the constitutionality of the limitations imposed by 2 *Del.C.* § 1329, in anticipation that issue will be addressed in the *amicus curiae* brief of DTLA. The appellant's opening brief is inconsistent with the well-established principle of appellate procedure that, if a party appellant is represented by counsel, an *amicus curiae* cannot raise separate or additional issues for the consideration of an appellate court. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60 n. 2, 101 S.Ct. 1559, 1562 n. 2, 67 L.Ed.2d 732 (1981).

### Parties' Opening Brief Must Raise Appellate Issues

■ The appealing party or cross-appellant is generally afforded the opportunity to select and frame the issues it wants to have considered on appeal. *Murphy v. State,* Del. Supr., 632 A.2d 1150, 1152 (1993). A corollary to that opportunity is a requirement that the appealing party's opening brief *fully* state the grounds for appeal, as well as the arguments and supporting authorities on each issue or claim of reversible error. *Id. Accord Rossitto v. State,* Del.Supr., 298 A.2d 775, 778 (1972). Consequently, this Court has held that the failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal. *Murphy v. State,* 632 A.2d at 1152.

### Amicus Curiae Limitations on Participation

■ "[T]he privilege to be heard as an *amicus curiae,* as well as the manner and extent of participation, rests within the discretion of the court." *Giammalvo v. Sunshine Mining Co.,* Del.Supr., 644 A.2d 407, 408 (1994) (footnote omitted). Leave to ap-

pear as an *amicus curiae* does not confer the status of a party. When the parties are represented by counsel, the role of the *amicus curiae* is limited to assisting the court, by supplementing the efforts of the actual parties' counsel, through the presentation of non-duplicative authoritative arguments. *Id.*

■ If the appellant or cross-appellant is represented by counsel, an *amicus curiae* brief is also limited to addressing the issues raised by counsel in the party's opening brief. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60 n. 2, 101 S.Ct. 1559, 1562 n. 2, 67 L.Ed.2d 732 (1981). The appellants in the case *sub judice* are represented by counsel. Therefore, as an *amicus curiae,* DTLA is precluded from presenting argument on any issue which was not included in the appellants' joint opening brief. *See id.*

### This Case

■ Notwithstanding the appellants' challenge to the constitutionality of 2 *Del.C.* § 1329 in the Superior Court, the failure to raise that issue in their opening brief constitutes its abandonment as a claim of error on appeal. *Murphy v. State,* Del.Supr., 632 A.2d 1150, 1152 (1993); *Stilwell v. Parsons,* Del.Supr., 51 Del. 342, 145 A.2d 397, 402 (1958). The appellants' decision to rely upon DTLA to raise and argue the constitutionality of the limits imposed by 2 *Del.C.* § 1329 is attributable to an apparent misunderstanding of the limited role of an *amicus curiae* on appeal.* Accordingly, if the appellants are not afforded the opportunity to file an amended opening brief, DTLA will be precluded from arguing the constitutionality of 2 *Del.C.* § 1329.

### Conclusion

■ The motion by DTLA to file an *amicus curiae* brief is granted. In the interests of justice, the appellants will be afforded fifteen days to file an amended opening brief,

---

* The appellants' opening brief includes a request to file an amended brief regarding the constitutionality of the limitations imposed by 2 *Del.C.* § 1329, if this Court denied DTLA's motion to file an *amicus curiae* brief.

which includes *all* issues that they wish this Court to consider on appeal. DTLA will be permitted to simultaneously file an *amicus curiae* brief, not to exceed twenty pages, with non-duplicative argument and authority in support of any issue presented in the appellants' amended opening brief.