Wendolyn TUMLINSON, Jake Albert Tumlinson, Jillveh Ontiveros and Paris Ontiveros, by her natural mother and next friend Jillveh Ontiveros, Plaintiffs Below Appellants,

v.

ADVANCED MICRO DEVICES, INC., Defendant Below Appellee.

No. 672, 2012.

Supreme Court of Delaware.

Submitted: June 12, 2013.
Decided: Aug. 16, 2013.

Ian Connor Bifferato, Richard S. Gebelein, David W. deBruin, Thomas F. Driscoll III, and J. Zachary Haupt, Bifferato LLC, Wilmington, Delaware. Of Counsel: Steven J. Phillips (argued) and Victoria E. Phillips, Phillips & Paolicelli, LLP, New York, New York; Thornton & Naumes, LLP, Boston, Massachusetts for appellants.

Frederick L. Cottrell III and Travis S. Hunter, Richards, Layton & Finger, P.A., Wilmington, Delaware. Of Counsel: Stephen C. Dillard (argued), Fulbright & Jaworski L.L.P., Houston, Texas; Stacey A. Martinez and Marcy Hogan Greer, Fulbright & Jaworski L.L.P., Austin, Texas; Lisa Horvath Shub, Fulbright & Jaworski L.L.P., San Antonio, Texas for appellee.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

STEELE, Chief Justice:

In this action, a group of Texas plaintiffs allege that a corporation exposed two employees to chemicals that caused two of the employees' children to suffer from birth defects. On appeal, the plaintiffs challenge a Superior Court judge's application of Texas substantive law and the resulting exclusion of expert testimony. Under Delaware law, which incorporates the United States Supreme Court's holding in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[1] admissible expert testimony must be both relevant and reliable. The Superior Court judge excluded the expert testimony as irrelevant under Delaware law because it would be insufficient as a matter of Texas law. The judge did not reach the testimony's reliability under Delaware law. Because the plaintiffs waived their argument that California or Delaware substantive law applies, we AFFIRM the Superior Court judge's ruling that Texas substantive law applies. Before we address whether a judge may consider substantive sufficiency when analyzing procedural admissibility, a question on which other jurisdictions disagree, we REMAND so that the Superior Court judge may determine in the first instance whether the testimony at issue is excludable on reliability grounds.

## I. FACTUAL AND PROCEDURAL HISTORY[2]

Defendant–Appellee Advanced Micro Devices, Inc., (AMD) is a Delaware corpo-

---

1. 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

2. Because this is a limited remand opinion, we similarly limit the factual and procedural

ration headquartered in California. AMD employed Plaintiff–Appellant Wendolyn Tumlinson and Plaintiff–Appellant Paris Ontiveros's father, Anthony Ontiveros, in two of its Texas semiconductor manufacturing facilities. Wendolyn[3] worked in a San Antonio photolithography department; Anthony worked in an Austin etching department. Plaintiff–Appellants Wendolyn Tumlinson, Jake Tumlinson, Jillveh Ontiveros, and Paris Ontiveros (collectively, Tumlinson)[4] contend that Wendolyn's and Anthony's exposure to workplace chemicals caused Jake and Paris to suffer from birth defects. On July 11, 2008, Tumlinson sued AMD in Superior Court for negligence, premises liability, strict liability, abnormally dangerous ultrahazardous activity, and willful and wanton misconduct.

On March 16, 2010, AMD filed a Motion to Apply Texas Law to Issues of Liability and Damages.[5] The Superior Court judge granted AMD's motion and ruled that Texas substantive tort law, Delaware evidentiary law, and Delaware procedural law apply.[6]

Tumlinson intended to offer Dr. Linda Frazier's expert opinion that Wendolyn's and Anthony's exposure to chemicals while they were AMD employees caused Jake's and Paris's birth defects.[7] On December 15, 2010, AMD moved to exclude Frazier's opinion,[8] arguing that it was (1) irrelevant and (2) unreliable.[9] After a four-day evidentiary hearing, the Superior Court judge granted AMD's motion to exclude Frazier's testimony.[10] Tumlinson sought an interlocutory appeal, but we refused her petition.[11] The parties stipulated to final judgment in AMD's favor so that Tumlinson could appeal the Superior Court judge's decisions applying Texas law and excluding Frazier's testimony.[12]

## II. STANDARD OF REVIEW

■ Choice of law is a legal question that we review *de novo*.[13] We review a

---

history. For a more detailed factual recitation, see *Tumlinson v. Advanced Micro Devices, Inc.* (*Tumlinson II* ), 2012 WL 1415777 (Del.Super. Jan. 6, 2012) (granting a motion to exclude expert testimony), and *Tumlinson v. Advanced Micro Devices, Inc.* (*Tumlinson I* ), 2010 WL 8250792 (Del.Super. July 23, 2010) (granting motions to apply Texas substantive law and to sever claims for separate trials).

3. We will refer to parties by their first names for clarity.

4. We will collectively refer to all Plaintiff–Appellants in the singular for convenience.

5. Defendant Advanced Micro Devices, Inc.'s Motion to Apply Texas Law to Issues of Liability and Damages, *Tumlinson I*, 2010 WL 8250792 (Del.Super. July 23, 2010) (C.A. No. 08C–07–106).

6. *Tumlinson I*, 2010 WL 8250792, at *3.

7. Tumlinson also intended to offer several other experts' opinions, but those experts based their testimony on the same body of

scientific evidence upon which Tumlinson relied. See *Tumlinson v. Advanced Micro Devices, Inc.* (*Tumlinson III* ), C.A. No. 08C–07–106, at 4 (Del.Super. Nov. 29, 2012).

8. Defendant Advanced Micro Devices, Inc.'s Motion to Exclude Opinion Testimony of Linda Frazier, M.D., M.P.H., *Tumlinson II*, 2012 WL 1415777 (Del.Super. Jan. 6, 2012) (C.A. No. 08C–07–106).

9. Advanced Micro Devices, Inc.'s Memorandum of Law in Support of Its Motion to Exclude Opinion Testimony of Linda Frazier, M.D., M.P.H., *Tumlinson II*, 2012 WL 1415777 (C.A. No. 08C–07–106).

10. *Tumlinson II*, 2012 WL 1415777, at *1, *7.

11. *Tumlinson v. Advanced Micro Devices, Inc.* (*Tumlinson IV* ), 36 A.3d 351, 2012 WL 540945, at *1 (Del. Feb. 21, 2012) (ORDER).

12. *Tumlinson III*, C.A. No. 08C–07–106, at 4.

13. *Cavalier Oil Corp. v. Harnett*, 564 A.2d 1137, 1141 (Del.1989) (citation omitted).

trial judge's decision to admit or exclude expert testimony for abuse of discretion.[14] We also grant a trial judge "broad latitude to determine whether" expert testimony contains "reasonable measures of reliability in a particular case" and accordingly review a judge's ruling on the reliability of an expert's methodology or ultimate conclusion for abuse of discretion.[15]

## III. ANALYSIS

### A. Choice of Law

Before deciding whether the expert testimony is admissible, we must determine which state's law governs the analysis. The Superior Court judge ruled that Texas substantive law and Delaware procedural law (including evidentiary law) apply.[16] Because we hold that Tumlinson waived her arguments that California or Delaware substantive law apply,[17] we affirm the Superior Court judge's opinion to the extent that he concluded that Delaware procedural and Texas substantive law apply.

■ "As a general rule, the law of the forum governs procedural matters,"[18] including whether evidence is admissible.[19] Therefore, the Superior Court judge properly concluded that Delaware law governs the procedural matters in this case. To determine which jurisdiction's substantive law applies in a tort suit, we follow the *Restatement (Second) of Conflict of Laws* approach.[20] Section 145(1) states that we apply the law of the state that has the "most significant relationship to the occurrence and the parties under the principles stated in [Section] 6."[21] Additionally, Section 145(2) lists several additional factors we must examine when evaluating which state has the most significant relationship to the case: (1) "where the injury occurred," (2) "where the conduct causing the injury occurred," (3) the parties' "domicil, residence, nationality, place of incorporation and place of business," and (4) where the parties' relationship is centered.[22] Finally, Section 146 creates a strong presumption that the "law of the state where the injury occurred" governs unless another state "has a more significant relationship."[23]

---

14. *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522 (Del.1999) (citations omitted).

15. *Id.* (citations omitted).

16. *Tumlinson I*, 2010 WL 8250792, at *3 (Del.Super. July 23, 2010).

17. Opening Br. 2, 28–30 (noting that "[c]hoice of law rules point to the application of Delaware or California law" and discussing the factors impacting the analysis).

18. *Chaplake Hldgs., LTD. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del.2001) (citations omitted).

19. *Restatement (Second) of Conflict of Laws* § 138 (1971).

20. *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del.1991) (rejecting the traditional *lex loci* analysis and adopting the *Restatement*'s approach).

21. *Restatement (Second) of Conflict of Laws* § 145(1) (1971). Section 6 requires us to analyze the following factors:
   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,
   (e) the basic policies underlying the particular field of law,
   (f) certainty, predictability and uniformity of result, and
   (g) ease in the determination and application of the law to be applied.
   *Id.* § 6(2).

22. *Id.* § 145(2).

23. *Id.* § 146; *see also Clinton v. Enter. Rent–A–Car Co.*, 977 A.2d 892, 895 (Del.2009) (citations omitted).

Tumlinson argues in her Opening Brief's summary section that choice-of-law rules require us to apply Delaware or California law.[24] She also notes in a footnote in her argument section that it was error for the Superior Court judge to even address the choice-of-law question because no conflict existed,[25] which could be construed as an assertion that Delaware substantive law should apply.[26] Even assuming that these scattered assertions are an argument that Delaware *substantive* law, rather than procedural law, should apply, Tumlinson has waived the argument.

■ Our case law clearly states that an appellant's opening brief must *"fully* state the grounds for appeal, as well as the arguments and supporting authorities on each issue or claim of reversible error."[27] An appellant who raises an issue in her opening brief's summary section must pursue it in the argument section or the issue will be deemed waived.[28] Similarly, an appellant may not preserve issues by raising them in footnotes.[29] "If an appellant fails to comply with these requirements on a particular issue, the appellant has abandoned that issue on appeal irrespective of how well the issue was preserved at trial."[30]

■ While Tumlinson may have intended to argue that Delaware substantive law should apply, either based on the "most significant relationship" test or based on a false conflict that does not require a choice-of-law analysis, she pursued neither theory in her Opening Brief's argument section. Instead, her argument describes the *Restatement*'s "most significant relationship" factors that weigh in California's favor.[31] The only factor weighing in Delaware's favor is AMD's Delaware charter, and Tumlinson only discusses that factor in her factual recitation.[32] The remainder of her argument addresses whether an expert opinion's admissibility is a *procedural*, rather than substantive, question and how her expert's testimony satisfies Texas law (assuming it is a substantive question and Texas law governs).[33] Accordingly, Tumlinson has waived any argument that Delaware substantive law should apply.

We next address Tumlinson's argument that California substantive law should apply. Tumlinson argued in her Superior Court briefing on AMD's motion to apply Texas law that "[u]nder a [c]hoice of [l]aw [a]nalysis," the Superior Court judge "must [a]pply Delaware [l]aw,"[34] not California law. Tumlinson analyzed the "most

24. Opening Br. 2.

25. Opening Br. 28 n. 40.

26. *See SIGA Techs., Inc. v. PharmAthene, Inc.,* 67 A.3d 330, 342 n. 36 (Del.2013) (citing *Deuley v. DynCorp Int'l, Inc.,* 8 A.3d 1156, 1161 (Del.2010)).

27. *Turnbull ex rel. Turnbull v. Fink,* 644 A.2d 1322, 1324 (Del.1994) (citing *Murphy v. State,* 632 A.2d 1150, 1152 (Del.1993)).

28. Supr. Ct. R. 14(b)(vi)(A)(3); *Roca v. E.I. du Pont de Nemours & Co.,* 842 A.2d 1238, 1242 (Del.2004) (citation omitted).

29. *Murphy,* 632 A.2d at 1152 n. 2 (citing Supr. Ct. R. 14(d)).

30. *Roca,* 842 A.2d at 1242 (citing *Murphy,* 632 A.2d at 1152; *Turnbull,* 644 A.2d at 1324).

31. *See* Opening Br. 28–29.

32. *Id.* at 16.

33. *Id.* at 30–35.

34. Memorandum of Law in Opposition to Defendant Advanced Micro Devices Inc.'s Motion to Apply Texas Law to Liability and Damages at 30, *Tumlinson I,* 2010 WL 8250792 (Del.Super. July 23, 2010) (C.A. No. 08C–07–106) (emphasis omitted).

significant relationship" test,[35] noting that AMD's principal place of business is in California and arguing that "California is the place where [AMD's] misconduct truly occurred."[36] However, Tumlinson cryptically concluded her choice-of-law analysis with the following statement: "[W]hile [p]laintiffs reside in Texas and were injured there, AMD's misconduct occurred primarily in California, which is the jurisdiction where the relationship between the parties was centered. Accordingly, under a choice of law analysis, this Court would be compelled to apply Delaware law to the admissibility of expert proof."[37]

■ "Under Supreme Court Rule 8, a party may not raise new arguments on appeal."[38] Tumlinson did not fairly present to the Superior Court judge her argument that California law should apply. Accordingly, we may consider the issue only if the interests of justice require us to do so.[39] Tumlinson has not convinced us that the interests of justice require us to consider her argument for applying California law.[40] Therefore, we affirm the Superior Court judge's ruling that Delaware procedural and Texas substantive law apply.

## B. Evidentiary Admissibility

■ Delaware Rule of Evidence 702 addresses expert opinion testimony.[41] In *M.G. Bancorporation, Inc. v. Le Beau*, we adopted the United States Supreme Court's holdings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[42] and *Kumho*

35. *Id.* at 30–33. Tumlinson made this analysis assuming that Texas's jurisprudence concerning admissibility of expert proof is substantive Texas law that conflicts with Delaware law. *Id.* at 30.

36. *Id.* at 31.

37. *Id.* at 33; *see also id.* at 32 ("One would think that Texas, which now must bear the responsibility at taxpayers' expense of taking care of these children, would have an interest in applying the jurisprudence of Delaware, if that were to result in providing redress to its wronged children. It would also be difficult for AMD to persuade this Court that Texas has a greater interest than Delaware in ensuring the integrity of civil judicial proceedings.... These interests are the same in Delaware, Texas[,] or California. The application of Delaware law, especially where it is in all important respects the same as the law of Texas and California, accomplishes these goals of predictability and fair and efficient administration of justice.").

38. *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, 678 (Del.2013) (citing *Riedel v. ICI Ams. Inc.*, 968 A.2d 17, 23–25 (Del.2009)).

39. *Id.* at 679 (citing Supr. Ct. R. 8; *Smith v. Del. State Univ.*, 47 A.3d 472, 479 (Del.2012)).

40. We note that even if we did reach the issue, which we explicitly do not, the injuries occurred in Texas, Tumlinson and Ontiveros worked in Texas, and their children were born and raised in Texas. It is not clear that Tumlinson's arguments—(1) AMD is a global company headquartered in California, (2) its California-based CEO signed an environmental health and safety policy statement, (3) the alleged "misconduct producing [the] injuries emanated from high-level decisions made in California," (4) applying Texas law "needlessly burdened" the Superior Court judge, and (5) Texas has an interest in seeing another state's law apply (to ease its health care costs) if Texas law would shield a California-based corporation from liability in Delaware—demonstrate that California has a more significant interest in the case than Texas. *See* Opening Br. 28–30.

41. D.R.E. 702 ("If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.").

42. 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

*Tire Co. v. Carmichael*[43] as "the correct interpretation of Delaware Rule of Evidence 702."[44] In order for expert testimony to be admissible, the trial judge must act as a gatekeeper and determine that the evidence is both (1) reliable and (2) relevant.[45]

■ Daubert establishes that in order to be reliable, "[p]roposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known. In short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability,"[46] and we base evidentiary reliability upon scientific validity.[47] Addressing relevance, the United States Supreme Court noted that "Rule 702 further requires that the evidence or testimony assist the trier of fact to understand the evidence or to determine a fact in issue.... Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."[48]

■ Because *admissibility* is a procedural question, the Superior Court judge should have analyzed both relevance and reliability under Delaware law. It appears the judge concluded that the expert's testimony was not relevant under Delaware procedural law (and thereby not admissible under Delaware law) because he considered it *insufficient* as a matter of Texas law,[49] specifically the standards the Texas Supreme Court set forth in *Merrell Dow Pharmaceuticals, Inc. v. Havner*[50] and reaffirmed in *Merck & Co. v. Garza.*[51] Questions concerning evidentiary sufficiency usually arise at summary judgment proceedings, rather than at the admissibility

---

43. 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

44. *M.G. Bancorporation, Inc. v. Le Beau,* 737 A.2d 513, 522 (Del.1999).

45. *Daubert,* 509 U.S. at 597, 113 S.Ct. 2786.

46. *Id.* at 590, 113 S.Ct. 2786.

47. *Id.* at 590 n. 9, 113 S.Ct. 2786.

48. *Id.* at 591, 113 S.Ct. 2786 (citations omitted) (internal quotation marks omitted). The Court used the following example to describe relevancy:

The consideration has been aptly described ... as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. The study of the phases of the moon, for example, may provide valid scientific "knowledge" about whether a certain night was dark, and if darkness is a fact in issue, the knowledge will assist the trier of fact. However (absent creditable grounds supporting such a link), evidence that the moon was full on a certain night will not assist the trier of fact in determining whether an individual was unusually likely to have behaved irrationally on that night. Rule 702's "helpfulness" standard requires a valid scientific connec-

tion to the pertinent inquiry as a precondition to admissibility.
*Id.* at 591–92, 113 S.Ct. 2786 (citations omitted).

49. *Tumlinson II,* 2012 WL 1415777, at \*2–3 (Del.Super. Jan. 6, 2012) ("Thus, the same expert testimony might be accepted as reliable in Delaware, and found unreliable in Texas. This conflict is resolved by *Daubert* 's other prong—relevance. An expert's opinion is relevant only if it bears on the proof of a contested fact *and* it may be considered as evidence of that contested fact. An opinion that is deemed reliable under Delaware law is irrelevant if that opinion will not be given any evidentiary value because it is deemed unreliable under Texas law. In the end, then, Texas law on the reliability of an expert opinion governs the *Daubert* analysis under Delaware law. Put another way, AMD cannot be found liable in Delaware for a tort allegedly committed in Texas against Texans, based on evidence that is unreliable, insufficient[,] and inadmissible in Texas. Delaware's evidentiary standards do not create an easier way around the burden of proof in Texas.").

50. 953 S.W.2d 706 (Tex.1997).

51. 347 S.W.3d 256 (Tex.2011).

determination that occurs during a Daubert hearing.[52] However, we recognize that other jurisdictions disagree about whether a trial judge may consider sufficiency when deciding admissibility.[53]

We have not addressed whether substantive law concerning evidentiary sufficiency can be subsumed under a *relevance* analysis when a trial judge determines admissibility under Delaware law. Before we reach that analysis, it would be helpful to have the trial judge's view of the expert testimony's reliability under Delaware law. Because expert opinion testimony is admissible *"only if* it is *both* relevant *and* reliable,"[54] a trial judge may preclude the evidence as inadmissible if it is either irrelevant or unreliable. Therefore, although the trial judge was not required to analyze whether the expert's testimony was reliable under Delaware law, we REMAND to enable him to make that determination in the first instance before we enter the debate over what role sufficiency plays in admissibility.

## IV.  CONCLUSION

Therefore, we AFFIRM in part and REMAND with instructions to address

---

**52.** *See Daubert,* 509 U.S. at 596, 113 S.Ct. 2786 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment and likewise to grant summary judgment." (citations omitted)).

**53.** *Compare In re Joint E. & S. Dist. Asbestos Litig.,* 52 F.3d 1124, 1132 (2d Cir.1995) ("The 'admissibility' and 'sufficiency' of scientific evidence necessitate different inquiries and involve different stakes. Admissibility entails a *threshold* inquiry over whether a certain piece of evidence ought to be admitted at trial.... This case is about sufficiency, not admissibility. A sufficiency inquiry, which asks whether the collective weight of a litigant's evidence is adequate to present a jury question, lies further down the litigational road."), *and Lofton v. McNeil Consumer & Specialty Pharms.,* 682 F.Supp.2d 662, 669 (N.D.Tex.2010) ("*Havner* does not control a federal court's determination of admissibility pursuant to Rule 702 and *Daubert.*"), *and In re Ephedra Prods. Liab. Litig.,* 2007 WL 2947451, at *1 (S.D.N.Y. Oct. 9, 2007) ("Sufficiency and relevancy are not the same, and there is no conceptual reason to include the former within the 'relevancy prong' of Rule 702."), *and Taylor v. Bristol–Myers Squibb Co.,* 2004 WL 2058796, at *1 (N.D.Tex. Sept. 15, 2004) (ORDER) ("*Havner* does not clearly establish substantive state law that would control the admissibility of expert testimony or scientific evidence in a federal court sitting in diversity."), *with Wells v. SmithKline Beecham Corp.,* 601 F.3d 375, 381 (5th Cir.2010) (affirming the federal district court judge's grant of summary judgment on the alternative basis that the testimony was inadmissible under *Daubert,* and noting that "[i]n finding the evidence scientifically unreliable[—]and thus insufficient to prove causation under Texas law[—]it follows that the experts' testimony was also deficient under *Daubert* given its overlap with Texas questions of scientific sufficiency"), *and Burton v. Wyeth–Ayerst Labs. Div. of Am. Home Prods. Corp.,* 513 F.Supp.2d 719, 730 n. 12 (N.D.Tex.2007) (citations omitted) ("*Havner's* standards are substantive, not procedural requirements."), *and Cano v. Everest Minerals Corp.,* 362 F.Supp.2d 814, 822 (W.D.Tex.2005) (citations omitted) ("[W]hether expert testimony will assist the trier of fact is governed in part by whether the testimony is relevant to the plaintiff's burden of proof under the substantive law, and testimony that will not assist the trier of fact by advancing an element of the plaintiff's case should be excluded."). Secondary sources also recognize this tension. *See, e.g.,* Bobak Razavi, *Admissible Expert Testimony and Summary Judgment: Reconciling* Celotex *and* Daubert *After* Kochert, 29 J. Legal Med. 307, 336–40 (2008); Harvey Brown, *Procedural Issues Under* Daubert, 36 Hous. L.Rev. 1133, 1153–58 (1999).

**54.** *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (emphasis added).

whether the expert testimony is reliable under Delaware law. Jurisdiction is retained.