**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 22, 2024

Gregory V. Varallo
Glenn R. McGillivray
Daniel E. Meyer
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Peter B. Andrews
Craig J. Springer
David M. Sborz
Andrew J. Peach
Jackson E. Warren
ANDREWS & SPRINGER LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

David E. Ross
Garrett B. Moritz
Thomas C. Mandracchia
ROSS ARONSTAM & MORITZ LLP
1313 North Market St., Suite 1001
Wilmington, DE 19801

Catherine A. Gaul
Randall J. Teti
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

John L. Reed
Ronald N. Brown, III
Caleb G. Johnson
Daniel P. Klusman
DLA PIPER LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

William M. Lafferty
Susan W. Waesco
Ryan D. Stottmann
Miranda N. Gilbert
Jacob M. Perrone
MORRIS, NICHOLS,
ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

Rudolf Koch
John D. Hendershot
Kevin M. Gallagher
Andrew L. Milam
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

David S. Eagle
Sally E. Veghte
KLEHR HARRISON HARVEY
BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

Anthony A. Rickey
MARGRAVE LAW LLC
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, DE 19810

Theodore A. Kittila
HALLORAN FARKAS + KITTILA LLP
5722 Kennett Pike
Wilmington, DE 19807

| Christine M. Mackintosh<br>GRANT & EISENHOFER, P.A.<br>123 Justison Street<br>Wilmington, DE 19801 | Daniel A. Griffith<br>WHITEFORD TAYLOR & PRESTON LLC<br>600 North King Street<br>Wilmington, DE 19801 |
|---|---|

      Re:    *Richard J. Tornetta v. Elon Musk, et al.,*
                C.A. No. 2018-0408-KSJM

Dear Counsel:

This letter addresses the two motions for leave to participate as *amicus curiae* in this action filed by non-parties the Chamber of Commerce of the United States of America and Professor Charles M. Elson, respectively.[1] Both motions are granted.

Amicus briefs are permitted at the court's discretion.[2] "The historic role of an amicus curiae, to ensure 'a full and complete presentation on questions of either general or public interest that were at issue in the proceedings before the court,' continues to be the 'primary function' of a person seeking leave to serve as a 'friend of the court.'"[3] The purpose of an amicus curiae is to "supplement[] the efforts of counsel . . . in a case of general public interest" or raise "broader legal or policy

---

[1] C.A. No. 2018-0408-KSJM, Docket ("Dkt.") 376 ("Chamber Mot."); Dkt. 329 ("Elson Mot.").

[2] *Louisiana Mun. Police Empls.' Ret. Sys. v. Hershey Co.*, 2013 WL 1776668, at *1 (Del. Ch. Apr. 16, 2013); *Turnbull v. Fink*, 644 A.2d 1322, 1324 (Del. 1994) ("The privilege to be heard as an *amicus curiae*, as well as the manner and extent of participation, rests within the discretion of the court.").

[3] *Hershey*, 2013 WL 1776668, at *1 (quoting *Giammalvo v. Sunshine Min. Co.*, 644 A.2d 407, 409 (Del. 1994)).

implications that might otherwise escape its consideration in the narrow context of a specific case."[4]

The Chamber's motion accomplishes both goals. All parties can agree this is a case of general public interest. The Chamber's motion addresses the legal and policy implications of the issues at hand.[5] The Chamber's reputation and ability speaks for itself. The motion is unopposed. It is granted.

Professor Elson's brief also assists the court by supplementing discussion on the impact of the Telsa stockholder's June 13, 2024 vote on this action.[6] His brief too addresses the legal and policy implications of the issues at hand. He is highly reputable.

Tesla opposes Professor Elson's motion on two bases. First, Tesla argues that Professor Elson's motion does not "concern any matter *currently* at issue in this action."[7] Relatedly, Tesla argues that the motion is "procedurally improper and untimely."[8] At the time that Professor Elson filed his motion, on May 13, 2024, Tesla was correct to note that "[n]o party to this action, however, has asked [the court] to determine the legal impact of the [stockholder] vote."[9] But Tesla had already taken the position, through a letter filed on April 17, that a successful stockholder vote was

---

[4] *Giammalvo*, 644 A.2d at 409.

[5] Chamber Mot. at 12–26.

[6] Elson Mot. Ex. A.

[7] Dkt. 334 ("Tesla Opp. Br.") at 1 (emphasis added).

[8] *Id*. at 8.

[9] *Id*. at 7.

likely to "impact" this action.[10]  Also on April 17, Tesla filed its preliminary proxy describing the stockholder vote as "ratification" and previewed its legal theories.[11] So, the issues had been teed up by May 13.  In all events, the issue is now squarely before the court due to the defendants' June 28, 2024 motion.[12]  It cannot be disputed that, *currently*, Professor Elson's motion speaks to an issue "included in the opening brief" of a party.[13]

Second, Tesla argues that Elson's purpose in filing his motion was "plainly to cast aspersions on Tesla and its Board in advance of the . . . stockholder vote."[14]  But the brief addresses complicated legal and policy issues presented by the parties.  The court infers no improper motivation in the filing of the motion, and the court welcomes the thoughts of Professor Elson, a leading authority on Delaware law who previously assisted the court in this action.[15]  Professor Elson's motion is granted.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[10] Dkt. 306 (Letter to The Honorable Kathaleen St. Jude McCormick dated April 17, 2024 from John L. Reed enclosing copy of Nominal Defendant, Tesla, Inc.'s Preliminary Proxy).

[11] *See id.* at Ex. A (Preliminary Proxy) at 6, 7, 9, 75; *see also id.* at 2.

[12] Dkt. 396 (Defs.' Mot. to Revise) at 13–14.

[13] *Cf. Jarden LLC v. Ace Am. Ins. Co.*, 2021 WL 5296824, at *1 (Del. Nov. 10, 2021).

[14] Tesla Opp. Br. at 8–9.

[15] *See* Dkt. 266.