**Carl ROCA, Plaintiff Below, Appellant,**

**v.**

**E.I. DU PONT De NEMOURS AND COMPANY; General Motors Corporation; Daimlerchrysler Corporation; Rhone–Poulenc, Inc., as Successor–In–Interest to Stauffer Chemical Company, Defendants Below, Appellees.**

**No. 640, 2002.**

Supreme Court of Delaware.

Submitted: Nov. 4, 2003.
Decided: Jan. 30, 2004.
Reargument En Banc Denied Feb. 25, 2004.

---

**8.** *Id.* at 180.

**9.** § 3902(b)(2).

**10.** Couch on Insurance, § 169:19 (3rd Ed.)

Kathleen D. Hadley and Barbara J. Gadbois, Law offices of Peter G. Angelos, P.C., Wilmington, for appellant, Carl Roca.

John C. Phillips, Jr. and James P. Hall, Phillips, Goldman & Spence, P.A., Wilmington, for appellee, E.I. du Pont de Nemours and Company.

Somers S. Price, Jr., Daniel F. Wolcott, Jr., and James M. Kron, Potter, Anderson & Corroon, Wilmington, for appellees, General Motors Corporation and Daimler-Chrysler Corporation.

Mark L. Reardon and Joseph F. Gula, III, Elzufon, Austin, Reardon, Tarlov & Mondell, Wilmington, for appellee, Rhone–Poulenc, Inc. as Successor–in–Interest to Stauffer Chemical Company.

Before VEASEY, Chief Justice, HOLLAND, BERGER, STEELE and JACOBS, Justices (constituting the Court en Banc).

HOLLAND, Justice:

This is an appeal from a final judgment entered by the Superior Court. In October 2001, the plaintiff-appellant, Carl Roca, filed a complaint in the Superior Court. The defendant-appellees are E.I. du Pont de Nemours and Company, General Motors Corporation, DaimlerChrysler Corporation and Rhone–Poulenc, Inc., as successor-in-interest to Stauffer Chemical Company. Roca alleged *inter alia* that he contracted mesothelioma, a deadly lung cancer, as a result of exposure to asbestos dust and fibers while working for independent contractors on the premises of the defendants-appellees.

The defendants filed motions for summary judgment on a number of issues. Following briefing and oral argument, the Superior Court granted the defendants' motions in a bench ruling on July 1, 2002 and in a memorandum opinion dated September 3, 2002.[1] These rulings were entered by the Superior Court on November 7, 2002, as a stipulated final judgment in favor of all defendant-appellees.

In this appeal, Roca's opening brief raised only two issues as the basis for his challenge to the Superior Court's complete dismissal of his complaint: first, "The Trial Court Abused Its Discretion and Erred As A Matter Of Law In Determining That Plaintiff Was Not An 'Other' Pursuant To Chapter 15 Of The Restatement Of Torts (2nd)"; and second, "The Trial Court Abused Its Discretion And Erred As A Matter Of Law In Finding That Defendants Did Not Retain Control Of Their Premises And Did Not Assume [The Duty Of] Job Site Safety."

---

1. *In re Asbestos Litigation (Roca),* 2002 WL 31007993, at *3 (Del.Super.Sept.3, 2002).

We have concluded that neither of the two claims expressly raised by Roca in his opening brief are meritorious. We have also determined that the final judgments entered by the Superior Court should be affirmed on the basis of and for the reasons stated by the Superior Court in it memorandum Opinion dated September 3, 2003.[2] Roca, however, asserts that there is a third issue before this Court that must be decided.

### Section 343 and Oral Argument

During the oral arguments before this Court, Roca contended that the Superior Court erred by denying his claim that was made pursuant to Section 343 of the Restatement (Second) of Torts ("Section 343"). Following oral arguments, this Court directed Roca to file an opening memorandum that:

1. Clearly identifies that portion of the Superior Court's ruling which explicitly or implicitly rejected appellant's Section 343 argument; and

2. Explains why the Superior Court's decision on that issue constituted reversible error.

Roca's response to this Court's request did not identify the portion of the Superior Court's opinion that explicitly or implicitly rejects his purported claim under Section 343 of the Restatement. The defendants' response to this Court asserts that Roca's "Opening Memorandum does not do so for the simple reason that no such portion exists. That is, the [Superior] Court did not reject a § 343 claim because [Roca] never made such a claim."

### Section 343 and Superior Court

Roca contends that, as a result of his *factual* allegations about the defendants'

knowledge of asbestos hazards in paragraphs 17 and 18 of his complaint, the Superior Court should have recognized that he was asserting a *legal* claim under Section 343 of the Restatement. Roca also contends that he presented "lengthy arguments" below on a premises owner's duty to warn invitees, and that this put the Superior Court on notice of a Section 343 claim.

The record reflects, however, that when the Superior Court asked Roca to identify the *legal* theories under which he intended to proceed Roca expressly identified Sections 413, 416, 422 and 427 of the Restatement, but not Section 343. The defendants' submit that: "in over 332 pages of briefing to the [Superior] Court, not once did Plaintiff mention § 343. Roca's original four answering briefs in opposition to defendants' respective summary judgment motions contained: 77 pages for General Motors; 75 pages for Chrysler; 106 pages for du Pont; and 74 pages for Rhone–Poulenc." According to the defendants, "Roca also made no reference whatsoever to invitees or Section 343 at oral argument before the Superior Court on either June 20, 2002 or July 1, 2002."

The Superior Court's memorandum opinion indicates that it did not believe there was a Section 343 claim before it. Citing the Third Circuit's decision in *Monk v. Virgin Islands Water & Power Authority*,[3] the Superior Court stated: "employers need not be held liable under the peculiar risk provisions of Chapter 15 because other remedies exist under the Restatement, such as the right of the contractor's employees, like other invitees, to sue for certain defects on the land under Restate-

---

**2.** *Id.*

**3.** *Monk v. Virgin Islands Water & Power Authority*, 53 F.3d 1381 (3d Cir.1995).

ment § 343." [4]  Roca did not file a motion for reargument, pursuant to Superior Court Rule 59(e).

The defendants submit that the first time Roca specifically raised Section 343 as a theory of recovery was in a letter to the Superior Court dated September 17, 2002.

> In light of Your Honor's reference to § 343, is the written opinion of September 3, 2002 combined with Your Honor's oral ruling at the close of argument on the Defendants' Motions meant to be a complete dismissal as to all of Plaintiff's claims against Defendants DuPont, GM, Chrysler, and Rhone–Poulenc? If that is the case, Plaintiff respectfully requests that Your Honor sign the attached Order of Judgment evidencing the fact that the Court has entered a final judgment so that Plaintiff may move forward with his appeal.

That letter was written after Roca had received the Superior Court's September 3, 2002 memorandum opinion and after the period for reargument had expired. Thereafter, Roca stipulated to the entry of a final judgment.

### Section 343 and this Appeal

Assuming arguendo that Roca did assert a Section 343 claim before the Superior Court and further assuming arguendo that the Superior Court rejected that claim, this Court determined that a question remained about whether Roca waived the Section 343 issue in his present appeal. This Court asked the parties to address the following question: "Did Carl Roca waive his purported claim under Restatement (Second) of Torts Section 343 by not

citing that section as a basis for relief in his opening brief on appeal to this Court?"

In *Murphy v. State*,[5] this Court noted that an appellant is entitled to frame the issues on appeal. We also stated that "[t]he failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim on appeal." [6] The defendants argue that because Roca "omitted from his opening brief any challenge to the Superior Court's finding or failure to decide a claim under section 343, that issue has been waived." [7]

Roca argues that he raised Section 343 as an issue for review, and claims that he "specifically cited Section 343 on page 37 of his opening brief." An examination of that page, however, reflects that Roca did not cite to Section 343, but rather cited *Niblett v. Pennsylvania R.R. Co.*,[8] in which the Superior Court cited Section 343 among a number of other authorities. The fact that Roca did not cite to Section 343 in his opening brief is emphasized by the fact that, although Roca's Table of Citations references Restatement Sections 411, 413, 416 and 527, it includes no reference to Section 343.

Roca also asserts that he raised Section 343 on pages thirty-six through forty of his opening brief. The defendants acknowledge that selected sentences of the text on these pages refer to the duty of premises owners to invitees. The defendants assert, however, that those references to duty don't mention Section 343 but are interspersed among general discussions on the other expressly identified sections of the Restatement with regard to the issue of

---

4. *In re Asbestos Litigation (Roca)*, 2002 WL 31007993, at *3 (Del.Super.Sept.3, 2002).

5. *Murphy v. State*, 632 A.2d 1150 (Del.1993).

6. *Id.* at 1152.

7. *Id.*

8. *Niblett v. Pennsylvania R.R. Co.*, 158 A.2d 580 (Del.Super.1960).

control of contractors and assumption of a duty for safety by an owner.

### Section 343 Waived On Appeal

■ It is well established that "to assure consideration of an issue by the court, the appellant must both raise it in [the Summary of the Argument] and pursue it in the Argument portion of the brief." [9] The rules of this Court specifically require an appellant to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief. [10] If an appellant fails to comply with these requirements on a particular issue, the appellant has abandoned that issue on appeal irrespective of how well the issue was preserved at trial. [11]

We have concluded that Roca failed to comply with Supreme Court Rule 14(b)(iv) when he omitted any reference to Section 343 in the summary of argument section of his opening brief. Rule 14(b)(iv) expressly requires that an appellant's opening brief contain a summary of argument section "stating in separate numbered paragraphs the legal propositions upon which each side relies." We have also concluded that Roca failed to raise Section 343 as a basis for relief in the argument section of his opening brief. Supreme Court Rule 14(b)(vi) requires that "[t]he argument ... be divid-

ed under appropriate headings distinctly setting forth the separate issues presented for review ...."

Most importantly, however, Rule 14(b)(vi)(2) provides that "[t]he merits of any argument that is not raised in the body of the opening brief [is] deemed waived and will not be considered by the Court on appeal." Roca presented only two arguments in his opening brief, neither of which refers to Section 343 either in the headings or in the body of those arguments on the merits. Thus, nowhere in his opening brief does Roca either identify or present an argument on the issue of Section 343 in the manner that is required by the Rules of this Court.

■ This Court has held that the appealing party's opening brief must *fully* state the grounds for appeal, as well as the arguments and supporting authorities on each issue or claim of reversible error. [12] "[C]asual mention of an issue in a brief is cursory treatment insufficient to preserve the issue for appeal" [13] and *a fortiori* no specific mention of a legal issue is insufficient. The "failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal." [14] Accordingly, we

---

**9.** Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3974.1, at 504–08 (1999 and Supp. 2003).

**10.** *See* Supr. Ct. R. 14.

**11.** *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) and *Turnbull v. Fink*, 644 A.2d 1322, 1324 (Del.1994).

**12.** *Turnbull v. Fink*, 644 A.2d 1322, 1324 (Del. 1994). *See also Willhauck v. Halpin*, 953 F.2d 689, 700 (1st Cir.1991) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived

.... It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work .... Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.").

**13.** *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993).

**14.** *Id.; see also Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Exp., Inc.*, 181 F.3d 799, 808 (7th Cir. 1999); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999); *King v. Town of Hanover*, 116 F.3d 965, 970 (1stCir.1997); *Matter of Texas*

hold that, assuming arguendo that Roca preserved the Section 343 issue in the Superior Court, Roca abandoned and waived that issue in his appeal to this Court by raising it for the first time at oral argument.[15]

### Conclusion

The judgments of the Superior court are affirmed.

---

Mortg. Servs. Corp., 761 F.2d 1068, 1073–74 (5th Cir.1985).

**15.** Cannon v. Teamsters and Chauffeurs Union, 657 F.2d 173, 177–78 (7th Cir.1981) (issue raised by appellant at oral argument had been waived because appellant failed to argue the issue in its brief).