IN THE SUPREME COURT OF THE STATE OF DELAWARE

SCOTT STORICK, §
§
   Defendant Below, § No. 472, 2014
   Appellant, §
§ Court Below—Superior Court
   v. § of the State of Delaware,
§ in and for New Castle County
CFG LLC, § C.A. No. SN09J-07-408
§
   Plaintiff Below, §
   Appellee. §

Submitted: January 23, 2015
Decided: March 30, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **ORDER**

This 30th day of March, 2015, upon consideration of the briefs and record on appeal, it appears to the Court that:

(1) The appellant, Scott Storick, filed this *pro se* appeal from a July 29, 2014 Superior Court opinion denying his motion for reconsideration and/or appeal from the Superior Court Commissioner's order denying his motion to vacate a judgment and granting the appellee's motion to release garnished wages held in escrow. We conclude there is no merit to the appeal and affirm the judgment of the Superior Court.

(2) In August 2007, CFG LLC ("CFG"), a Delaware limited liability company, loaned $743,548.47 to Storick and his company Storick & Associates,

Inc. ("Storick & Associates") pursuant to a Loan and Security Agreement ("LSA") and Promissory Note. The LSA contained a Confession of Judgment provision for confession of judgment in the Superior Court for the City of Wilmington, Delaware pursuant to the provisions of 10 *Del. C.* § 4732 in the event of a default. In July 2009, after Storick and Storick & Associates defaulted on their obligations under the LSA, CFG filed an action in the New Castle County Superior Court to obtain a judgment against Storick and Storick & Associates. A hearing was scheduled for August 21, 2009. Notice was provided to Storick and Storick & Associates in North Carolina.

(3)     The Superior Court docket reflects that judgment was entered against Storick and Storick & Associates on September 4, 2009 after they failed to appear for the August 21, 2009 hearing. According to the parties, they had agreed to a continuance of the August 21, 2009 hearing until September 4, 2009 so they could discuss a possible settlement. It appears that Storick filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") on September 3, 2009. At the request of CFG's counsel, the September 4, 2009 judgment was amended to be entered against only Storick & Associates due to Storick's bankruptcy proceedings.

(4)     During the bankruptcy proceedings, CFG and Storick participated in mediation and entered into an amended settlement agreement dated June 18, 2010

2

("Settlement Agreement"). Under the Settlement Agreement, CFG and Storick agreed that CFG was entitled to a judgment of $540,000 plus interest to accrue at the statutory rate and that the debt was non-dischargeable under 11 U.S.C. § 523(a). Section 5 of the Settlement Agreement provided:

> **CONFESSION OF JUDGMENT:** Debtor [Storick] hereby irrevocably appoints and constitutes CFG as Debtor's duly appointed attorney-at-law to appear in open court in the Superior Court for the City of Wilmington, Delaware, or in any other court of competent jurisdiction, and to confess judgment pursuant to the provisions of Title 10 Section 4732 of the Delaware Code, as amended, against Debtor for all principal and interest and other amounts due and payable under this Agreement. This power of attorney is coupled with an interest and may not be revoked and/or terminated by the Debtor. This power of attorney shall not be revoked and/or terminated by virtue of the death or disability of the Debtor. No single exercise of the power to confess judgment shall be deemed to exhaust this power of attorney.[1]

Section 13 of the Settlement Agreement provided:

> **CHOICE OF LAW/VENUE/JURISDUTCION:** [sic] The validity of this Agreement and all of the terms and provisions, as well as the rights and duties of the parties, shall be interpreted and construed by the laws of the State of Florida.[2]

The Settlement Agreement was conditioned upon the approval of the Bankruptcy Court.

---

[1] Appendix to Opening Brief of Appellant, Scott Storick (hereinafter "Storick App.") at A23.

[2] *Id.* at A25.

(5)　After a hearing on June 22, 2010, the Bankruptcy Court approved the Settlement Agreement. The transcript of that hearing reflects that the parties understood CFG would be going to Delaware. The order approving the Settlement Agreement provided that CFG was "granted stay relief to proceed as provided in the Amended Agreement, including, but not limited to, proceeding to obtain the agreed judgment in the principal sum of $540,000.00, plus interest thereon at the Delaware statutory rate, in the Superior Court for the City of Wilmington, Delaware."[3]

(6)　On July 16, 2010, CFG filed a praecipe and notice for confession of judgment against Storick in the Superior Court. CFG sought judgment for $540,000 in unpaid principal, $29,700.05 in accrued interest, and interest at 5.5% per annum (or $81.37 per day) since July 15, 2010. A hearing was scheduled for August 20, 2010 at 1:30 p.m. The praecipe, notice letter, and confession of judgment were sent by registered mail to Storick in Florida. After Storick failed to object to the notice or appear at the August 20, 2010 hearing, a final judgment of $569,700.05 (representing the unpaid principal and accrued interest) together with $81.37 in interest per day since July 15, 2010 was entered against Storick.

(7)　On December 28, 2011, CFG filed a notice of its request for the issuance of a writ of execution against Storick and Storick & Associates in the

---

[3] *Id.* at A147.

Superior Court. The notice stated that "[a] writ of execution *can be used to attach wages in appropriate cases* and seize real your personal property and real estate and ultimately sell them for credit against the debt."[4] A hearing was scheduled for January 13, 2012 at 10:00 a.m. The notice, which was sent by certified mail to Storick in Florida, stated that Storick and Storick & Associates were not required to appear at the hearing "but if you fail to do so, *you are warned that the writ of execution sought by CFG LLC and other subsequent writs will be issued whereby the sheriff could attach your wages in appropriate cases*, or seize your personal property and real estate and ultimately sell them for credit against the debt."[5]

(8) After Storick and Storick & Associates failed to object to the notice or appear at the January 13, 2012 hearing, the Superior Court ordered that execution of judgment could proceed. On January 19, 2012, the registered agent for Metropolitan Life Insurance Company ("MetLife") and Enterprise General Insurance Agency ("Enterprise") was served with writs of attachment fieri facias. CFG sought to attach any wages, salaries, or commissions that MetLife or Enterprise paid to Storick.

(9) On February 17, 2012, Storick, who was represented by counsel, filed a motion to stay attachment of his MetLife wages. Storick argued that his wages

---

[4] Appellee CFG's Appendix to Answering Brief ("CFG App.") at B69 (emphasis added).

[5] *Id.* (emphasis added).

were exempt from garnishment under Florida law. Storick also stated that he had filed a complaint, on February 17, 2012, in the United States District Court for the Southern District of Florida ("Florida Action") regarding whether Florida's head-of-family wage exemption applied to the Delaware judgment. CFG opposed Storick's motion to stay attachment, arguing that Florida exemption laws did not apply extraterritorially to a Delaware writ of attachment served in Delaware in execution of a judgment confessed in Delaware. CFG also filed a motion to dismiss the Florida Action in the United States District Court for the Southern District of Florida.

(10) On March 1, 2012, one day before the hearing on the motion to stay attachment, Storick withdrew the motion to stay without prejudice and requested cancellation of the March 2, 2012 hearing on the motion to stay. Storick claimed the motion to stay was moot. On March 2, 2012, CFG filed a motion to compel MetLife and Enterprise to comply with the writs of attachment.

(11) Later in March, MetLife and Enterprise filed a petition for interpleader, motion to deposit a sum certain, and motion for rule to show cause. In the petition for interpleader, MetLife stated that it was not subject to any garnishment order for Storick's wages other than the writ of attachment obtained by CFG. Exhibits to the petition for interpleader referred to a support order. MetLife sought to interplead the garnished funds due to the conflicting claims of

6

CFG and Storick. MetLife also stated that Enterprise was a subsidiary of MetLife and did not pay any compensation to Storick.

(12) CFG filed a motion to deny MetLife's petition for interpleader and demanded payment of the garnished funds to CFG. CFG also opposed MetLife's motion to deposit a sum certain. On April 2, 2012, Storick filed a motion to vacate the judgment and writs of attachment. In this motion, Storick claimed that the confession of judgment provision in the Settlement Agreement was void under Florida law and therefore the confession of judgment was void and should be vacated under Superior Court Civil Rule 60(b)(4). Storick also filed a motion to approve MetLife's petition for interpleader with modifications and to stay attachment or distributions to CFG.

(13) On April 9, 2012, Storick responded to MetLife's petition for interpleader. Storick stated that if the Superior Court did not grant his motion to vacate, then MetLife should submit the garnished wages to the Superior Court and the Superior Court should determine when and to whom the garnished funds should be released upon consideration of Storick's motions and/or resolution of the Florida Action. Storick also filed an objection to CFG's motion to deny MetLife's petition for interpleader for the reasons stated in his motion to vacate judgment and the writs of attachment, motion to approve MetLife's petition for interpleader, and his response to MetLife's petition for interpleader. CFG filed responses to

7

Storick's motion to approve MetLife's petition for interpleader and motion to vacate judgment and the writs of attachment.

(14)   A hearing on the various motions was held before a Superior Court Commissioner on April 27, 2012.  The Commissioner granted MetLife's petition for interpleader, motion for rule to show cause, and motion to deposit a sum certain.  This ruling was reflected in an order dated June 12, 2012.  Pursuant to the June 12, 2012 order, MetLife deposited garnished wages of $30,034.76 with the Prothonotary and was required to continue depositing Storick's garnished wages with the Prothonotary.  The Commissioner declined to resolve the remaining issues pending resolution of the Florida Action.  In another order dated June 12, 2012, the Commissioner held that the remaining motions were stayed pending the outcome of the Florida Action and further order of the Superior Court.

(15)   On May 3, 2012, while the parties were negotiating a form of order to reflect the Commissioner's rulings, the United States District Court for the Southern District of Florida granted CFG's motion to dismiss the Florida Action.[6] The district court declined to exercise jurisdiction over Storick's declaratory judgment action because there was a parallel state court proceeding in Delaware involving the same parties and the same issues of state law.  Storick filed a notice of appeal in the United States Court of Appeals for the Eleventh Circuit.  On

---

[6] *Storick v. CFG, LLC*, No. 12-80181-CIV-WILLIAMS (S.D. Fla. May 3, 2012).

January 31, 2013, the Eleventh Circuit affirmed the district court's dismissal of the Florida Action. The Eleventh Circuit noted "that although Storick accuses CFG of 'procedural fencing' by obtaining a confession of judgment in Delaware, Storick expressly agreed to allow CFG to confess judgment in Delaware for a long-standing debt he admits he owes."[7]

(16) Subsequently, CFG filed a motion to lift stay and conduct a scheduling conference in the Superior Court. CFG stated that the Prothonotary was holding $58,584.16 in garnished wages in escrow. CFG also stated that it understood Storick ceased to be a MetLife employee in December 2012 and that MetLife would not be depositing any additional wages with the Prothonotary. Storick made approximately one million dollars a year as a MetLife employee.

(17) On March 6, 2013, Storick's new counsel filed an entry of appearance.[8] On March 19, 2013, Storick's counsel filed a motion to withdraw as counsel. The Commissioner granted the motion to withdraw on March 20, 2013.

(18) A hearing on the 2012 motions was held on May 2, 2013. CFG sought release of the garnished wages from escrow. Storick, who appeared *pro se* but with his Florida counsel present (and who made some arguments to the

---

[7] *Storick v. CFG, LLC*, 2013 WL 363116, at *1 (11th Cir. Jan. 31, 2013).

[8] Storick's previous counsel was permitted to withdraw in an order dated January 14, 2013.

9

Commissioner),[9] argued that the Settlement Agreement contained a Florida choice of law clause, the confession of judgment was invalid under Florida law, and his wages as a head-of-family were exempt from attachment under Florida law. Storick also argued for the first time that his wages could only be subject to one attachment under 10 *Del. C.* § 4913(b)[10] and that his wages were already subject to an alimony attachment. To support this new argument, Storick relied on two paychecks stubs faxed to the courthouse during the hearing. The Commissioner concluded that Delaware law applied to the confession of judgment, the confession of judgment was valid, Florida exemptions did not apply extraterritorially to the Delaware judgment, and the garnished wages should be released to CFG. The Commissioner's ruling was reflected in an order dated June 13, 2013.[11]

(19) On June 18, 2013, Storick filed a motion for reconsideration of the Commissioner's order and/or an appeal from the Commissioner's findings of fact and recommendations. Storick argued that Florida's head-of-family exemption

---

[9] Storick had no Delaware counsel at this time and his Florida counsel was not admitted *pro hac vice*. Florida counsel stated that he was not admitted *pro hac vice* because he had only met Storick two days before the hearing. It does not appear from the Superior Court docket that Florida counsel was admitted *pro hac vice* after the hearing or that Delaware counsel entered an appearance on behalf of Storick. The quality of the papers Storick submitted *pro se* in opposition to the Commissioner's ruling and on this appeal suggest the involvement of counsel. We warn any out-of-state counsel assisting Storick to be mindful of Rule 5.5 of the Delaware Lawyers' Rules of Professional Conduct.

[10] This section provides that "[o]n any amount of wages due, only 1 attachment may be made."

[11] The Commissioner also granted CFG's motion to compel responses to execution discovery CFG served on Storick.

10

precluded attachment of his wages and, if the Superior Court concluded that Florida law did not apply, then his MetLife wages were already subject to an attachment order and could not be subject to another attachment order under 10 *Del. C.* § 4913(b). CFG opposed the motion, arguing that Florida's head-of-family exemption should not be applied extraterritorially to the Delaware confession of judgment and that Storick had failed to provide relevant evidence at the May 2, 2013 hearing in support of his new argument that his wages were already subject to an attachment order.

(20) After *de novo* review of the Commissioner's rulings, the Superior Court rejected Storick's arguments. The Superior Court held that Florida exemption laws did not apply to the Delaware judgment. Relying on 13 *Del. C.* § 513(b)(7),[12] the Superior Court held that two attachments did not violate 10 *Del. C.* § 4913(b) if one of the attachments was for alimony under Title 13 of the Delaware Code. This appeal followed.

(21) On appeal, Storick argues that the Superior Court erred in failing to apply the Florida head-of-household wage exemption and, to the extent the Florida exemption was not applicable, then the Superior Court erred in concluding that 13 *Del. C.* § 513 authorized more than one wage attachment. Storick does not argue

---

[12] This section provides that an attachment or execution to enforce an order for child support, medical support, or unallocated alimony and child support entered under Title 13 is not subject to the exemptions or limitations set forth in 10 *Del. C.* § 4913.

11

that the confession of judgment was invalid and therefore this claim is waived.[13]

CFG argues that Florida's wage exemption law does not prevent CFG from attaching Storick's wages in Delaware for various reasons and that Storick failed to offer reliable evidence that 10 *Del. C.* § 4913(b) precluded attachment of his MetLife wages for the Delaware judgment.

(22) We review questions of law *de novo*.[14] We review questions of fact for abuse of discretion and accept a trial judge's findings unless they are clearly wrong.[15] Having carefully reviewed the parties' arguments and the record, we conclude that the Superior Court's judgment must be affirmed.

(23) Despite notice of CFG's request for the issuance of a writ of execution, the fact that the writ of execution could be used to attached his wages, and the scheduling of a January 13, 2012 hearing at which he could object to issuance of a writ of execution, Storick failed to object to the issuance of a writ of

---

[13] Del. Supr. Ct. R. 14(b)(iv) (requiring opening brief to contain "summary of argument, stating in separate numbered paragraphs the legal propositions upon which each side relies"); Del. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Roca v. E.I. du Pont de Nemours & Co.*, 842 A.2d 1238, 1242 (Del. 2004) (finding appellant waived issue that was not argued in opening brief). Storick's opening brief includes a few scattered statements that he was not subject to jurisdiction in Delaware after entry of the confessed judgment, but he did not argue the merits of such a claim in his opening brief and the argument was not fairly presented below. *See id.*; Supr. Ct. R. 8 (providing "only questions fairly presented to the trial court may be presented for review").

[14] *Reserves Dev. LLC v. Crystal Properties, LLC*, 986 A.2d 362, 367 (Del. 2009).

[15] *Id.*

execution or appear at the January 13, 2012 hearing. Storick chose not to appear at the January 13, 2012 hearing or file any objection to CFG's plan to serve writs of attachment in Delaware. He does not claim to have lacked notice of the January 13, 2012 hearing and offers no explanation for failing to appear or object. Under these circumstances, we conclude that Storick waived his right to challenge execution of the Delaware judgment—on a debt which he continues to admit he owes—in Delaware.[16]

(24) Storick also waived his claim that his MetLife wages could not be subject to more than one attachment under 10 *Del. C.* § 4913(b). Not only did Storick fail to appear or object to the January 13, 2012 hearing, he did not even argue the Section 4913(b) claim in any of his written submissions to the Superior

---

[16] *See, e.g., County Bank v. Thompson*, 2013 WL 7084479, at *3-6 (Del. Super. Ct. Dec. 5, 2013) (concluding that debtors who claimed that they failed to appear at hearing on confession of judgment based on advice of counsel did not establish grounds for relief under Superior Court Civil Rule 60(b)), *aff'd*, 2014 WL 2601626 (Del. June 10, 2014). Even if we were to find no waiver, the Settlement Agreement expressly contemplates confession of judgment proceedings in the Delaware Superior Court pursuant to 10 *Del. C.* § 4732. It is logical to read the Settlement Agreement to also contemplate that the Delaware Superior Court would apply Delaware law with respect to efforts to enforce its judgment. Storick's counsel made no objection at the Bankruptcy Court hearing on the Settlement Agreement when CFG's counsel stated the debtor had agreed to confession of judgment in "the Delaware State Court for the $540,000 *plus the statutory rate of interest there*." Storick App. at A139 (emphasis added). The Bankruptcy Court order approving the Settlement Agreement provided that CFG was "granted stay relief to proceed as provided in the Amended Agreement, including, but not limited to, proceeding to obtain the agreed judgment in the principal sum of $540,000.00, *plus interest thereon at the Delaware statutory rate*, in the Superior Court for the City of Wilmington, Delaware." *Id.* at A147 (emphasis added).

13

Court before the May 2, 2013 hearing.[17] MetLife documents submitted to the Superior Court referred to a support order, but Storick said nothing about 10 *Del. C.* § 4913(b) in his extensive submissions to the Superior Court in 2012 or at the April 27, 2012 hearing on MetLife's petition for interpleader. We therefore affirm the Superior Court's judgment, albeit on different grounds from those relied upon by the Superior Court.[18]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[17] *Cf. Alexander v. Cahill*, 829 A.2d 117, 129 (Del. 2003) ("Unless the pretrial stipulation resolved the question of notice of a possible defense, however characterized, a trial judge, in the sound exercise of his or her discretion, should not admit facts that suggest the defense for the first time at trial."); *In re Kinder Morgan, Inc. Corp. Reorganization Litig.*, 2014 WL 5667334, at *3 n.1 (Del. Ch. Nov. 5, 2014) (finding plaintiffs waived argument raised for first time at oral argument on preliminary injunction motion because it was not raised in timely way that gave defendants fair notice and ability to respond).

[18] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995).