**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 22, 2022

John G. Harris, Esquire
David B. Anthony, Esquire
Berger Harris LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
April M. Ferraro, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Martin S. Lessner, Esquire
Daniel M. Kirshenbaum, Esquire
M. Paige Valeski, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801

Stephen C. Norman, Esquire
Jaclyn C. Levy, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Michael P. Kelly, Esquire
Sarah E. Delia, Esquire
McCarter & English LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801

Kurt M. Heyman, Esquire
Aaron M. Nelson, Esquire
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

> Re: *Bocock et al. v. Innovate Corp., Inc. et al.*
> C.A. No. 2021-0224-PAF

Dear Counsel:

Plaintiffs have moved pursuant to Court of Chancery Rule 59(f) for

reargument (the "Motion")[1] of the court's October 28, 2022 memorandum opinion

---

[1] Dkt. 63.

(the "Opinion").[2]  The Opinion granted in part and denied in part the Defendants'

motions to dismiss Plaintiffs' amended verified complaint (the "Complaint").[3]  The

Motion seeks reargument and reconsideration of the court's dismissal of Plaintiffs'

claim that the Innovate Defendants misappropriated DTV America's DTV Cast

technology.  The Opinion concluded that this claim was time-barred.[4]

In dismissing the DTV Cast claim as time-barred, the court relied on the

following allegations of the Complaint:

> *Misappropriating the DTV Cast Technology* and using it as its "hub"
> for an economically feasible, fully integrated network of LPTV stations
> located anywhere in the United States *made it possible for the* HC2
> Entities to go on a $150,000,000 *acquisition spree* to purchase stations,
> *starting in November 2017*.  Many of the acquisitions were originally
> identified by DTV America.  Yet, none of those acquisitions were made
> for the benefit of DTV America.  In fact, DTV America did not acquire
> one company or subsidiary following the November 2017 takeover by
> the HC2 Entities.[5]

In the Opinion, the court concluded that the only reasonable reading of these

allegations is that the misappropriation of DTV Cast occurred outside the three-year

presumptive limitations period because the Complaint alleges that the

---

[2] Dkt. 62 ("Opinion").  Unless otherwise noted, capitalized terms have the same meaning ascribed to them in the Opinion.

[3] Dkt. 30.

[4] Op. at 37–38.

[5] Compl. ¶ 75 (emphasis added).

misappropriation of DTV Cast made it possible for the acquisition spree to occur "starting in November 2017." The Motion argues that the court misapprehended the facts and misapplied the plaintiff-friendly standard governing a motion to dismiss. Mot. ¶¶ 8–12.

A party seeking reargument "bears a heavy burden." *Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 5092894, at \*1 (Del. Ch. Oct. 10, 2019). "The Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'" *Nguyen v. View, Inc.*, 2017 WL 3169051, at \*2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at \*2 (Del. Ch. Sept. 26, 1985)). A motion for reargument "may not be used to relitigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought." *Standard Gen. Master Fund L.P. v. Majeske*, 2018 WL 6505987, at \*1 (Del. Ch. Dec. 11, 2018). "Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied." *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at \*1 (Del. Ch. Apr. 5, 2016).

Plaintiffs argue that the court misapprehended the fact that the acquisition spree spanned the period from June 2017 through December 2020, citing paragraph 34 of the Complaint. The Complaint and the Plaintiffs' answering brief did not attempt to link paragraphs 34 and 75, and the court did not misapprehend the facts. The Complaint alleged that the acquisition spree, which was made possible by the Innovate Defendants' misappropriation of DTV Cast, started in November 2017. The fact that the alleged acquisition spree continued after November 2017 does not alter the conclusion that the only reasonable reading of the Complaint is that the misappropriation first occurred at or before November 2017.

The Plaintiffs had every opportunity to make this argument during the briefing on the motions to dismiss but failed to do so. To be sure, the Innovate Defendants' opening brief in support of their motion to dismiss specifically highlighted the allegations in paragraph 75 and made the same argument that the court accepted in granting the motion to dismiss the DTV Cast claim.[6] The Plaintiffs never addressed the Defendants' argument in their answering brief or at oral argument. Indeed, the

---

[6] HC2 Defs.' Opening Br. 40 ("Thus, the Complaint concedes that Defendants purportedly misappropriated DTV's technology and intellectual property ***before*** the 'acquisition spree' that '***start[ed] in November 2017***.'").

Innovate Defendants noted in their reply brief that the Plaintiffs had failed to respond to this argument.[7]

Plaintiffs argue in the Motion that each of the alleged unlawful acquisitions was itself a distinct misappropriation of the DTV Cast technology. In other words, they seek to avoid the statute of limitations by contending that the misappropriation of DTV Cast was a continuing wrong that recurred with each acquisition during the buying spree. Mot. ¶¶ 12–13. This argument is improperly raised for the first time in the Motion. Plaintiffs' Complaint did not allege and their answering brief did not argue that the Innovate Defendants' alleged misappropriation of DTV Cast constituted a continuing wrong. Plaintiffs acknowledged as much at oral argument.[8]

---

[7] HC2 Defs.' Reply Br. 27.

[8] When the court inquired whether the continuing wrong theory had been addressed in Plaintiffs' answering brief, Plaintiffs' counsel responded: "I don't know that it is. Although, I would just say that it's – in my mind, at least, it's an unremarkable or well-accepted doctrine that is a part of the statute of limitations analysis." Hrg. Tr. 55 (Dkt. 56). Plaintiffs' mere reference to a continuing wrong theory at oral argument, which was neither developed nor tied to the DTV Cast claim, is not sufficient to avoid waiver. *Emerald P'rs v. Berlin,* 2003 WL 21003437, at *43 (Del. Ch. Apr. 28, 2003) ("It is settled Delaware law that a party waives an argument by not including it in its brief."), *aff'd,* 840 A.2d 641 (Del. 2003); *Winshall v. Viacom Int'l, Inc.,* 55 A.3d 629, 642 (Del. Ch. 2011) (ruling that an argument raised for the first time at a hearing was "not fairly or timely presented and was waived"), *aff'd,* 76 A.3d 808 (Del. 2013); *see Roca v. E.I. du Pont de Nemours & Co.,* 842 A.2d 1238, 1242 n.12 (Del. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . . It is not enough merely to mention a possible argument in the most

Consequently, the Plaintiffs waived any argument at the motion to dismiss stage that the misappropriation of DTV Cast constituted a continuing wrong, and they may not raise it for the first time in a motion for reargument. Parties moving for reargument are not permitted "to raise new arguments that they failed to present in a timely way." *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), *aff'd,* 7 A.3d 485 (Del. 2010) (TABLE); *see, e.g., Strauss v. Angie's List, Inc.*, 2019 WL 399910, at *7 (D. Kan. Jan. 31, 2019) (denying motion to alter or amend judgment, noting that the plaintiff "waived any argument that the continuing [wrong] theory should apply to Defendant's affirmative defense of laches by failing to raise the argument in prior briefing"), *aff'd*, 951 F.3d 1263 (10th Cir. 2020).

Plaintiffs also argue that the court "erred in declining to apply equitable tolling to the DTV Cast technology claims because Plaintiffs do not allege that they learned of the DTV Cast technology claims though FCC filings."[9] The court did not reject Plaintiffs' equitable tolling argument as to the DTV Cast claim because the information was publicly available in FCC filings. Rather, the court held that

---

skeletal way, leaving the court to do counsel's work . . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (internal citations and quotations omitted).

[9] Mot. ¶ 18.

Plaintiffs failed to allege facts to satisfy their burden to support equitable tolling as to the misappropriation of DTV Cast. Op. at 32 (citing *Eni Hldgs., LLC v. KBR Gp. Hldgs., LLC*, 2013 WL 6186326, at *11 (Del. Ch. Nov. 27, 2013); *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 524 (Del. Ch. 2005)).

As the Opinion explained, it was Plaintiffs' burden to offer facts to show when they "learned of the [challenged transaction] . . . ; when [Plaintiffs] had notice of facts concerning possible unfairness of the terms; and the reasonable steps [Plaintiffs] took to oversee [their] investment." Op. at 33 (citations and internal quotations omitted). The Opinion concluded that the Plaintiffs had not satisfied any of these criteria. The Motion does not argue that the court misstated the law or that the Plaintiffs offered the necessary factual support for equitable tolling.

The Complaint alleged that the misappropriation of DTV Cast occurred no later than November 2017. Thus, the alleged misappropriation claim as to DTV Cast accrued outside the analogous limitations period, and the Plaintiffs failed to establish equitable tolling. In holding that the misappropriation claim as to DTV Cast was time-barred, the court did not overlook a decision or principle of law that would have a controlling effect or misapprehend the law or the facts so that the outcome of the decision would be affected.

For the foregoing reasons, Plaintiffs' motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor