# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Bank of America, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16L-01-060 JRJ |
| | ) | |
| David P. Ireland, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 13, 2017
Date Decided: June 23, 2017

## ORDER

Upon consideration of Plaintiff Bank of America, N.A.'s Motion for Summary Judgment, Defendant David P. Ireland's Opposition thereto, and the record in this case, **IT APPEARS THAT:**

1. On May 13, 2009, Defendant David P. Ireland executed a mortgage (the "Mortgage") securing a promissory note against real property located at 1016 Coyne Place, Wilmington, Delaware 19805.[1] The nominal mortgagee, Mortgage Electronic Registration Systems, Inc., subsequently assigned the Mortgage to the lender, Plaintiff Bank of America, N.A. ("BoA").[2]

2. On January 15, 2016, BoA filed a *scire facias sur* mortgage action (the "Complaint") against Ireland.

---

[1] Complaint, Ex. E (Trans. ID. 58433754).
[2] Complaint, Ex. F.

3. On May 4, 2016, BoA and Ireland conducted a foreclosure mediation conference.[3] The dispute was not resolved, and the parties scheduled an additional mediation conference for June 1, 2016.[4] The Continuing Mediation Record filed after the May 4, 2016, mediation conference indicated that Ireland is not eligible for a loan modification or repayment plan, but must either reinstate the loan or pursue non-retention options.[5]

4. On June 1, 2016, the parties attempted mediation again, without success.[6] The Final Mediation Record indicates that the mediation failed because Ireland is only eligible for reinstatement of the loan.[7] BoA agreed to not seek default judgment before July 1, 2016, and on June 30, 2016, Ireland filed an Answer to the Complaint, asserting two defenses: (1) Ireland is ready, willing and able to cure the deficiency but BoA refuses to allow him to cure; and (2) Ireland "demands . . . the right to inspect the original promissory note."[8] In an affidavit attached to his Answer, Ireland acknowledges that he failed to make payments but offers to increase the monthly payments to "catch up."[9] Further, Ireland explains that he offered an immediate payment of $5,000.00 during mediation, which was refused

---

[3] Notice of Scheduled Foreclosure Mediation Conference (Trans. ID. 58826645).
[4] Continuing Mediation Record (Trans. ID. 58961047).
[5] *Id.*
[6] Final Mediation Record (Trans. ID. 59090902).
[7] *Id.*
[8] Answer ¶¶ 9-10 (Trans. ID. 59219308).
[9] Answer, Defendant's Affidavit Pursuant to 10 *Del. C.* § 3901(a) ("Affidavit").

by BoA.[10]

5. On August 4, 2016, BoA issued a reinstatement letter to Ireland which set forth a calculation of $14,027.57 to cure the default and reinstate the loan.[11] This reinstatement letter stated that the calculation was good only through September 2, 2016.[12] Ireland was unable to secure funding until October 13, 2016.[13]

6. On October 13, 2016, Counsel for Ireland informed BoA that Ireland had secured a $15,000.00 loan.[14] BoA issued an updated reinstatement letter requiring a payment of $16,195.04 to cure the default.[15] This reinstatement calculation was good through October 31, 2016.[16] Ireland was unable to cure the default.

7. On February 15, 2017, BoA filed the instant Motion for Summary Judgment. BoA argues that Ireland has neither tendered, nor indicated an ability to tender, the amount due to cure the default and reinstate the loan, and has otherwise failed to plead an allowable defense to a *scire facias sur* mortgage action.[17]

8. In response, Ireland continues to assert he has been denied his right to cure the default and reinstate the loan under 10 *Del. C.* § 5062B(a)(3)b.4.[18] Ireland

---

[10] *Id.*
[11] Defendant's Answer to Motion for Summary Judgment ("Response"), Ex. A (Trans. ID. 60447733).
[12] *Id.*
[13] Response, Ex. C.
[14] *Id.*
[15] Response, Ex. B.
[16] *Id.*
[17] Plaintiff's Motion for Summary Judgment ("Motion") ¶ 16 (Trans. ID. 60217511).
[18] Response ¶¶ 1 and 2. 10 *Del. C.* § 5062B(a)(3)b.4 states: [The notice of intent to foreclose

does not contest the amount due, but claims that BoA should be required to allow the escrow deficiency to be cured through increased monthly payments following reinstatement.[19] Although Ireland alleges in his Answer that he has never seen the original promissory note, and demands to inspect the original promissory note for the referenced loan as a defense,[20] he has not argued this purported defense in his Response to BoA's Motion for Summary Judgment and has not made any formal discovery request to inspect the promissory note.[21]

9. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[22] The moving party bears the burden of establishing the non-existence of material issues of fact.[23] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[24] In considering a Motion for Summary Judgment, the Court must view the record in a light most

---

shall] [c]ontain a statement, as of the date of the notice, of the nature of the default, the amount required to cure the default and reinstate the loan, including all past due payments, penalties, and fees, and any other actions the homeowner must take to cure the default.

[19] Affidavit ¶ 1. BoA's internal policy, as stated in the August 2016 reinstatement letter, states that after reinstatement "an escrow analysis will be performed on the account and, if any escrow shortage exists, the regular monthly payments will be increased to eliminate this shortage." However, if a deficient escrow balance has already been calculated and included in the reinstatement calculation, BoA requires that amount be paid in full as a condition of reinstatement.

[20] Answer ¶ 10.

[21] Motion ¶ 10.

[22] Super. Ct. Civ. R. 56(c).

[23] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[24] *Id.* at 681.

4

favorable to the non-moving party.[25] "The non-movant cannot create a genuine issue of fact with bare assertions or conclusory allegations, but must produce specific evidence that would sustain a verdict in its favor."[26]

10. Under Delaware law, "only claims that arise under the mortgage agreement subject to foreclosure can be asserted in a *scire facias sur* mortgage action,"[27] and "a mortgagor's defenses in a mortgage foreclosure action are limited to defenses to the mortgagor's obligations under the mortgage."[28] "In other words, the appropriate defense in a mortgage foreclosure action is a defense that is related to the terms of the mortgage itself."[29]

11. In his affidavit accompanying the Answer, Ireland acknowledges that he stopped making mortgage payments to BoA. His only purported defense is BoA's alleged refusal to allow Ireland to cure, but Ireland has never tendered the full deficiency amount to BoA. At oral argument, Ireland argued—for the first time—

---

[25] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992) (internal citations omitted).

[26] *Citimortgage, Inc. v. Stevenson*, 2013 WL 6225019, at *1 (Del. Super. Nov. 26, 2013) (citing *Atamian v. Hawk*, 842 A.2d 654, 658 (Del. Super. 2003)).

[27] *J.P. Morgan Chase Bank, Nat'l Ass'n v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013) (citations omitted).

[28] *B A C Home Loans Servicing LP v. Cunningham*, 2016 WL 5937805, at *4 (Del. Super. Oct. 11, 2016) (quoting *McCafferty v. Wells Fargo Bank, N.A.*, 2014 WL 7010781, at *2 (Del. 2014)).

[29] *Id.* Delaware courts only recognize the defenses of payment, satisfaction, or a plea in avoidance. *J.P. Morgan*, 2013 WL 5200520, at *2. A plea in avoidance must "relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents" and includes: "acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment and waiver." *Id.* (first quoting *Davenport Servs., Inc., v. Five N. Corp.*, 2003 WL 21739066, at *3 (Del. Super. May 19, 2003); and then quoting *Citimortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Mar. 4, 2013)).

that the reinstatement amounts may not be correct. However, "[n]ew legal arguments cannot be presented for the first time at oral argument."[30]

12. Viewing the record in a light most favorable to Ireland, there is no genuine issue of material fact in dispute, and therefore, BoA is entitled to judgment as a matter of law. For the foregoing reasons, Plaintiff Bank of America, N.A.'s, Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[30] *In re Nat'l City Corp. S'holders Litig.*, 2010 WL 2585282, at *2 (Del. 2010) (citing *Roca v. E.I. du Pont de Nemours & Co.*, 842 A.2d 1238, 1242-43 (Del. 2004)).

6