**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| HIDEAKI HONMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-0084-BWD |
| | ) | |
| MARK SCHACKNIES, JONATHAN | ) | |
| SPINETTO, RON SHAH, SAAGAR | ) | |
| KULKARNI, and PHIL SWIFT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S EXCEPTIONS TO FINAL REPORT**

WHEREAS:

1. On June 17, 2024, Magistrate Judge David issued a final report addressing Defendants' Motion to Dismiss[1] in which the Magistrate Judge granted the Motion.[2]

2. Plaintiff took timely exceptions to the Final Report on June 27, 2024.[3]

3. The parties have fully briefed the Exceptions.

4. Oral argument on the Exceptions was held on December 11, 2024.

NOW, THEREFORE, the Court having carefully considered the briefing and oral argument on the Exceptions, IT IS HEREBY ORDERED, this 16th day of December 2024, as follows:

---

[1] *Hideaki Honma v. Mark Schacknies, et al.*, C.A. No. 2024-0084-BWD ("Dkt.") 14, Defendants' Motion to Dismiss (the "Motion").

[2] Dkt. 24, Final Report Granting Motion to Dismiss (the "Final Report").

[3] Dkt. 25, Notice of Exceptions to Magistrate's Final Report dated June 17, 2024 (the "Exceptions").

1. The Court has reviewed the record and the Magistrate Judge's determinations *de novo*.[4]

2. Plaintiff brought this action challenging the transaction whereby non-party MLS Technology Holdings, LLC acquired Remine, Inc. for an aggregate $53.5 million (the "Merger"). For purposes of the Motion, the parties agreed that the operative standard of review was entire fairness.[5]

3. Defendants moved to dismiss, on the basis that Plaintiff had failed to plead that the Merger price was unfair. The Magistrate Judge granted the Motion, emphasizing "the Complaint's brazen failure even to attempt to allege that the common stockholders conceivably could have received value for their shares through any other course of action."[6]

4. Plaintiff takes exception to the Magistrate Judge's ruling in two respects. He argues that the Magistrate Judge erred by (i) analyzing his claim as a *Trados*[7] claim, when it should have been analyzed as a *Manti*[8] claim; and (ii) dismissing a disclosure claim for failure to allege a distinct, cognizable harm.

5. In his Exceptions, Plaintiff largely renews the same arguments directed to the Magistrate Judge with regard to his allegations challenging the Merger and

---

[4] *Fischer v. Rambo*, 2024 WL 3757838, at *1 (Del. Ch. Aug. 12, 2024) ("This court applies *de novo* review to the factual and legal findings of a Magistrate.").

[5] Dkt. 24, Final Report at 7.

[6] *Id.* at 10-11.

[7] *In re Trados Inc. S'holder Litig.*, 73 A.3d 17 (Del. Ch. 2013).

[8] *Manti Holdings, LLC v. Carlyle Group Inc.*, 2022 WL 1815759 (Del. Ch. June 3, 2022).

2

related disclosures. Plaintiff's characterization of this action as a "*Manti* claim" misunderstands the legal precedent and does not absolve him of a need to plead unfair price to survive a motion to dismiss. And Plaintiff's newfound disclosure-claim theory is raised far too late.[9]

6. "Believing the [Magistrate Judge] to have dealt with the issues [] in a proper manner, and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."[10] I endorse the Magistrate Judge's analysis and her conclusion.

---

[9] At oral argument on Plaintiff's Exceptions, Plaintiff landed on quasi-appraisal as a purported basis for a standalone disclosure claim. Transcript of December 11, 2024 Oral Argument on Pl.'s Exceptions to the Magistrate's Final Report at 20 ("I am not seeking nominal damages. If the court finds that these omissions are material, the remedy would be quasi-appraisal. That's what we would be seeking."). One of the multiple problems for Plaintiff is that this appears nowhere in Plaintiff's pleadings, the briefing or transcript of oral argument before the Magistrate Judge, or the briefing on Exceptions. *See Winshall v. Viacom Int'l, Inc.*, 55 A.3d 629, 642 (Del. Ch. 2011) (ruling that an argument raised for the first time at a hearing was "not fairly or timely presented and was waived"), *aff'd*, 76 A.3d 808 (Del. 2013); *Dolan v. Village of Clearwater Homeowner's Ass'n*, 2005 WL 2810724, at *3 n.12 (Del. Ch. Oct. 21, 2005) (Strine, V.C.) (on plaintiff's exceptions to Magistrate Judge's report, issue waived "because she did not fairly present it to the [Magistrate Judge]"); *Emerald P'rs v. Berlin*, 2003 WL 21003437, at *43 (Del. Ch. Apr. 28, 2003) ("It is settled Delaware law that a party waives an argument by not including it in its brief."), *aff'd*, 840 A.2d 641 (Del. 2003); *see also Roca v. E.I. du Pont de Nemours & Co.*, 842 A.2d 1238, 1242 n.12 (Del. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (internal citations and quotations omitted).

[10] *Blackburn v. Hooks*, 2018 WL 4643812, at *2 (Del. Ch. Sept. 26, 2018) (internal quotation marks omitted).

7.     After *de novo* review, I am satisfied that the Exceptions to the Magistrate Judge's Final Report should be denied, and that the Final Report must be adopted and affirmed.

_____*/s/ Nathan A. Cook*_____
Vice Chancellor Nathan A. Cook
